## Jim Hunter v. The State.

No. 7312.    Decided February 7, 1923.

Rehearing denied October 17, 1923.

**1.—Perjury—Date of Offense—Variance—Indictment.**

Upon trial of perjury, the date in the former indictment was fixed as January, 1921, and the proof showed January, 1922, there was no variance, and no error in introducing proof of the judgment based thereon out of which the perjury originated, as the same rule applies as in other cases, that the State is not bound by the date of the offense alleged. Following Lucas v. State, 27 Texas Crim. App., 323.

**2.—Same—Allegation and Proof—Charge of Court—Many Facts.**

Where the perjury alleged was composed of more than one fact but each formed part of, and all related to, the proposition that defendant had seen the parties at the time and place referred to, there was no error to set out in the charge to the jury all of said facts, and require that the jury must find the falsity of all of them. Following Beach v. State, 32 Texas Crim. Rep., 253, and other cases.

**3.—Same—Evidence—Former Judgment.**

Where the perjury was based upon false testimony occurring in another trial, the admission in evidence of the judgment of conviction in said former trial was proper.  Following Davidson v. State, 22 Texas Crim. App., 373, and other cases.

**4.—Same—Perjury—Wilfully and Deliberately.**

Where, upon trial of perjury, the question as to whether the alleged false testimony was given wilfully and deliberately became pertinent, there was no error in admitting testimony, that at a date subsequent to that fixed by defendant as the one on which he claimed he had seen the parties in the act of intercourse, he testified before the grand jury that he knew nothing derogatory to the character of the female involved.

**5.—Same—Practice in Trial Court—Bills of Exception.**

Where the bills of exception with reference to matters of the examination of witnesses and objections to the charge of the court, etc., presented no error, there was no reversible error and the judgment must be affirmed.

**6.—Same—Rehearing—Date of Offense—Indictment—Rule Stated.**

It is not required that the proof show that the offense was committed on the date charged in the indictment, and perjury is not an exception to this rule.

**7.—Same—Evidence—Judicial Proceeding.**

To meet the legal demand in a perjury case that there be proof that the false testimony was given in a judicial proceeding, the record in the case in which the perjury is charged to have been committed is admissible in evidence.

**8.—Same—Judgment—Evidence.**

Taking note of the purpose for which it was lawful to introduce the judgment in the former trial and for which it was used in the present case, the fact that the judgment was subsequently reversed, is immaterial.

Appeal from the Criminal District Court of Williamson.    Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County of perjury, and his punishment fixed at two years in the penitentiary.

This conviction rested upon the alleged falsity of testimony given by appellant in a rape case wherein one Ewell Simpson was defend-

ant and in which an attempt was made to show that the injured female was not of chaste character at the time of the alleged rape. Appellant was a defense witness in that case and testified that he saw Louise Cluck, the girl upon whom the assault was charged, and one Victor Cluck engaged in sexual intercourse in a toilet at Cedar Park school house in said county on a date prior to that of the alleged rape.

The trial of Simpson was had in January, 1922. In alleging the date of said trial of the commission of the perjury herein in the instant indictment, the date of the Simpson trial was fixed as of January, 1921. Various complaints are made and based on the apparent variance between the date of the Simpson trial as alleged in the indictment and its date as shown by the proof. We are referred to no authority by appellant and know of none, holding a different rule here applicable from the general rule that the State is not bound by the date of the offense as alleged, and that if it be one anterior to the return of the indictment and within the period of limitation, it is sufficient. Lucas v. State, 27 Texas Crim. App. 323; Branch's Ann. P. C., Sec. 439, for authorities. That the trial of Simpson referred to in the indictment, and such trial as shown in the proof were identical, was abundantly established.

The false testimony of appellant set out in the instant indictment was composed of more than one fact but each formed part of, and all related to the proposition that he had seen the parties above named, at the time and place referred to, engaged in said act of intercourse. Appellant contends that the statement of said false testimony set out in said indictment charges twelve separate and distinct perjuries. The statements attributed to appellant in the indictment was made therein the basis of one charge of perjury, and the said statements were set out in the charge to the jury and submitted to them as that whose falsity must be shown by the State in order to support a conviction. We think appellant could interpose his plea of former conviction, should there be any attempt at any time in the future to charge him with perjury based on the alleged making of all, or any one, of the parts of said statement so charged; this being true, and the State seeming to have assumed the burden of proving the falsity of all of said statements, we see no ground for complaint. Nothing in the record suggests that any defensive theory was or could have been, based on the proposition that part of said statement was true and another part false. Beach v. State, 32 Texas Crim. Rep. 253; Adellberg v. State, 39 S. W. Rep. 103; Moore v. State, 32 Texas Crim. Rep. 405; Simpson v. State, 46 Texas Crim. Rep. 77.

The admission in evidence of the judgment of conviction in the Simpson case, was not error. Davidson v. State, 22 Texas Crim.

App., 373; Washington v. State, 23 Texas Crim. App. 336; Littlefield v. State, 24 Texas Crim. App. 167.

Matters affecting the question as to whether the alleged false testimony was given wilfully and deliberately, become pertinent in perjury prosecutions. That at a date subsequent to that fixed by him as the one on which he claimed to have seen Louise Cluck and Victor Cluck engaged in an act of intercourse, appellant testified before the grandjury that he knew nothing derogatory to the character and reputation of Louise Cluck for virtue and chastity,—would be material, both as controverting the truth of his testimony given in court on the Simpson trial to the effect that he had seen such act of intercourse,—and also as supporting the wilful and deliberate character. of the false testimony assigned as perjury herein.

Bills of exception to matters transpiring in the examination of certain witnesses, and those presenting exceptons to the charge of the court, and also complaining of the refusal of special charges, present no error.

Finding nothing in the record calling for a reversal of the judgment, an affirmance is ordered.

                                                            *Affirmed.*

ON REHEARING.

October 17, 1923.

MORROW, PRESIDING JUDGE.—It is not required that the proof show that the offense was committed on the date charged in the indictment. The statute obviates this common law necessity. Code of Crim. Proc., Art. 451, subdivision 6. Perjury is not an exception to this rule. Lucas v. State, 27 Texas Crim. App. 323; Underhill's Crim. Ev., 3rd Ed., Sec. 81, note 8; Vernon's Tex. Crim. Stat., Vol. 2, p. 196, note 11.

To meet the legal demand in a perjury case that there be proof that the false testimony was given in a judicial proceeding, the record in the case in which the perjury is charged to have been committed is admissible in evidence. The purpose of its introduction should be so limited that it may not be appropriated by the jury to proof of the perjury. Davdson v. State, 22 Texas Crim. App. 373; Washington v. State, 23 Texas Crim. Rep. 336; Rose's Notes on Tex. Rep., Vol. 5, p. 614.

The court in the present case did not refer to the judgment in the charge, but in qualifying the bill, made it clear that it was only shown that, in the Simpson case, a judgment was entered and that the nature of the judgment or result of the trial was not made known to the jury. Taking note of the purpose for which it was

lawful to introduce the judgment and for which it was used in the present case, the fact that the judgment was subsequently reversed is immaterial.

The motion is overruled.

*Overruled.*