# G. C. ELLIS v. THE STATE.

No. 19442.   Delivered March 23, 1938.
State's rehearing denied April 20, 1938.

The opinion states the case.

*Somerville & Kuntz,* of Wichita Falls, for appellant.

*Otis Miller,* District Attorney, of Anson, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for horse theft. Under averments and proof of former convictions for felonies less than capital appellant was assessed a penalty of confinement in the penitentiary for life.

The undisputed facts show that the animal stolen belonged to H. G. Strickland and was taken on the night of February 12th, 1937, from a pasture in Taylor County, Texas. About March 3d it was recovered in Dallas County, Texas. The State's evidence shows that appellant traded the stolen animal to Chappell at Graham, in Young County, Texas, on February 13th, taking in part payment a check made payable to one Knight. The evidence further shows that Graham is about seventy miles from Wichita Falls, Texas, where appellant lived. Appellant himself, and a number of witnesses for him, gave testimony that on the said 13th day of February, 1937, he was in Wichita Falls, said evidence placing him there at such a time that—if their evidence had been believed—it would have been impossible for him to have been in Graham at the time claimed by the State. The case presents another instance illustrating that fact issues must of necessity under the law be settled by the jury.

Bill of exception number one brings forward complaint because the court denied a second application for continuance. This question is not considered as it will likely not arise on another trial.

After appropriate averments charging theft of the horse in the present case as occurring on the 12th day of February, 1937, the indictment contained the following allegations:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that prior to the commission of the offense by the said defendant hereinbefore alleged, the said defendant was four times convicted of a felony

as follows, to-wit: On the 29th day of January, 1934, in the District Court of Erath County in the State of Texas, the said defendant, G. C. Ellis, was duly and legally convicted in Cause No. 5743 of the felony of theft of one mule. On the 14th day of September, A. D. 1934, in the 97th District Court of Clay County, in the State of Texas, the said defendant, G. C. Ellis, was duly and legally convicted in Cause No. 3003 of the felony of burglary. On the 14th day of September, A. D. 1934, in the 97th District Court of Clay County, in the State of Texas, the said defendant G. C. Ellis, was duly and legally convicted in Cause No. 3004 of the felony of theft of corporeal personal property of the value of over $50.00. On the 29th day of November, 1934, in the 8th District Court of Hunt County, in the State of Texas, the said defendant, G. C. Ellis, was duly and legally convicted as Guy Ellis, alias J. C. King, in Cause No. 5949 of the felony of theft of horses. Said convictions in the last mentioned four cases being upon indictments then legally pending in said named courts, of which the said courts had jurisdiction, and which convictions for said felonies were and are now final convictions, and which said convictions were for felonies less than capital."

Appellant filed a motion to quash upon various grounds that part of the indictment which sought to charge previous convictions of felonies, one being that it was not alleged that the prior convictions were for "similar offenses" or "offenses of like character," as the main offense charged in the present indictment. It will be noted that the State by the pleading criticized was not seeking increased punishment under Article 62, P. C., which authorizes increased punishment where there has been a previous conviction for a felony of the same nature, but by said pleadings was seeking to lay a predicate for proving that appellant was an habitual criminal under Article 63, P. C., by reason of having been previously convicted of felonies less than capital, in which case it was not necessary to allege or prove that the prior felonies were similar to the main offense charged in the present indictment. Arnold v. State, 127 Texas Crim. Rep. 89, 74 S. W. (2d) 997.

Another objection urged to that part of the indictment charging prior convictions was that it contained no averment that the judgments under said convictions had become "final judgments." In the recent case of Arbuckle v. State, 132 Texas Crim. Rep. 371, 105 S. W. (2d) 219, many cases upon the subject of increased punishment were reviewed and it was there held that when the State plead a "prior *conviction*" it necessarily meant a final conviction before the commission of the

offense which was being presently prosecuted. In the first paragraph of the indictment heretofore quoted it was alleged that "prior to the commission of the offense by the said defendant hereinbefore alleged—that is, the theft of Strickland's horse—the said defendant was four times *convicted* of a felony," etc. This sufficiently alleged the finality of the convictions thereafter particularly designated. If any of said convictions were not final it became a matter of defense subject to proof.

We observe that appellant objected in his motion to quash to the averment of the conviction in Erath County on the ground that a suspended sentence was given in that case, hence same was not a final conviction. Brittian v. State, 85 Texas Crim. Rep. 491, 214 S. W. 351. From the fact that such conviction was eliminated as a basis for increased punishment we assume that it was ascertained that a suspended sentence had been awarded. *If such is the fact the averment of that conviction had no place in the indictment.*

As we understand it appellant's main complaint directed at that part of the indictment charging prior convictions is that there is omission of the averment that each succeeding offense was committed after conviction of the preceding offense. We are of opinion that this complaint is well taken, as demonstrated by the proof regarding the prior convictions which will be later mentioned. The necessity for such pleading is based upon the holding in Kinney v. State, 45 Texas Crim. Rep. 500, 79 S. W. 570, that Articles 62 and 63 are reform provisions, and that the commission of previous offenses must be alleged to have succeeded one another after conviction. See also Neece v. State, 62 Texas Crim. Rep. 375, 137 S. W. 919. The proper form of pleading is very pertinently pointed out in 12 Tex. Jur., page 796, in the following language: " * * * where it is desired to charge several previous convictions, the indictment should aver that the accused was convicted in the first case for an offense committed prior to commission of the offense declared on in the second case, that he was convicted in the second case for an offense committed prior to commission of the offense denounced in the third case, and that he was thereafter convicted in the third case, and that all these convictions were for offenses committed prior to commission of the offense for which he is about to be tried. * * * ." See Muckenfuss v. State, 55 Texas Crim. Rep. 216, 117 S. W. 853; Long v. State, 36 Texas 6; Nunn v. State, 110 S. W. (2d) 71; Arbuckle v. State, 105 S. W. (2d) 219. If the pleader in the present case had followed the suggestion herein copied from Tex. Jur., the complications arising from the evidence regarding the prior

convictions would not have occurred, and some of the averments would of necessity have been omitted.

Regarding the two convictions in Clay County—one for burglary and one for felony theft—the evidence developed the following facts. Appellant was indicted for burglarizing the house of Rinehart Miller on the 6th day of September, 1933. He entered a plea of guilty to said charge on the 14th day of September, 1933, and was assessed a penalty of two years in the penitentiary. He was also indicted by the same grand jury for felony theft from Rinehart Miller of one hundred and twenty-five bushels of wheat on the same date as the burglary. He also plead guilty to the theft charge and his punishment was assessed in that case at two years. In pronouncing sentence the court made the sentence in the theft case (No. 3004) run concurrently with the burglary sentence (No. 3003). It developed on the trial that the two convictions were based on the same transaction and were not successive offenses—that is, one was not committed after a conviction in the other—but the theft occurred incident to the burglary. Only one of them could be relied on by the State to fix the status of an habitual criminal upon appellant, and only one of such convictions had any place in the indictment. See Muckenfuss v. State, 55 Texas Crim. Rep. 216, 117 S. W. 853; Nunn v. State, 110 S. W. (2d) 71.

Regarding the averment that appellant had been convicted in Hunt County in November, 1934, we find the facts reveal the following: The State introduced the judgment and sentence from the district court of Hunt County showing appellant's conviction on the date mentioned for theft of horses, but neither the judgment nor sentence exhibit the date of the commission of the offense. We fail to find the indictment in the Hunt County case advising of the alleged date of said offense. The evidence of the officers was to the effect that after appellant's conviction in Clay County he was taken from the Clay County jail to Hunt County where he was put on trial for horse theft. We may have overlooked some testimony, but such as we have observed excludes the possibility that appellant could have committed the offense of horse theft in Hunt County after his conviction in Clay County because he had been in custody all the time from such conviction to the time he was tried in Hunt County, leading to the conclusion that the offense of horse theft in Hunt County must have been committed before appellant's conviction in Clay County, and not afterwards. If such be the fact, then the averment of appellant's conviction in Hunt County had no place in the indictment because it was not an offense succeeding his conviction in Clay County.

Article 63, P. C., reads as follows: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." We fear there is an impression in the minds of prosecuting officers that if an accused has been convicted two or more times of felonies less than capital before he commits the main offense for which he is presently on trial that such former convictions may be used to fix upon accused the status of an habitual criminal regardless of the order in which such prior felonies were committed and convictions therefor secured. Such construction may not be unnatural when the wording of the statute in question is alone looked to, but the construction of said statute from the case of Long v. State, 36 Texas 6, to the present time as revealed in all the cases hereinbefore cited has been that it was a "reform" statute, and the increased penalty was justified because of the commission of succeeding offenses after convictions for prior offenses, thereby showing no reformation after such prior convictions.

We have perhaps written at too great length upon the subject, but advance the excuse that the question is one of much importance and about which there seems to be some confusion in the minds of prosecuting officers. Their laudable effort to suppress the activities of habitual criminals is to be commended, and it is hoped that what has been said in this opinion will be helpful to them in preparing the State's pleading and in the trial of cases where such questions may be involved.

The judgment must be reversed for the reasons indicated. It would not be proper to dismiss the prosecution under the present indictment because it is good in so far as it charges the theft of Strickland's horse, but if there should be another trial on the present indictment that part which undertakes to charge prior convictions of felonies should be suppressed. If it is thought the facts regarding the dates of the commission of said prior felonies and convictions therefor authorize the State in seeking to fix upon appellant the status of an habitual criminal in order to invoke life imprisonment a new indictment should be secured containing appropriate averments regarding the commission of subsequent felonies after convictions for prior ones.

The judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After a careful re-examination of the record in the light of the motion for rehearing filed by

counsel for the State, we are of opinion that the proper disposition of the appeal was made upon the original hearing. The motion for rehearing is therefore overruled.