JOHN SQUARE V. THE STATE.

No. 21800. Delivered October 22, 1941.

The opinion states the case.

*W. E. Pinkston* and *A. S. Baskett,* both of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

494

BEAUCHAMP, Judge.

Appellant was convicted in the district court of Smith County upon a charge of theft of $202.00 and, upon allegations in the indictment of two prior convictions of offenses of a grade of felony less than capital, the court assessed his punishment at ninety-nine years in the penitentiary.

The indictment in the case alleges the commission of the offense for which he was being tried in Smith County as of July 6, 1940. On a second count it alleges that prior thereto and on the 23rd day of December, 1924, the appellant was convicted in Dallas County of a felony, to-wit, "The felony of Passing Forged Instrument." In the third count in the indictment it alleges that "prior to the commission of the aforesaid offense by the said John Square, and after the aforesaid felony conviction and judgment thereon * * * had become final against him * * * and on the 4th day of June, 1926, * * * said John Square was duly and legally convicted * * * of a felony offense less than capital, to-wit, the felony of burglary * * *." Both offenses are alleged to have been committed in Dallas County.

Upon proof of the second and third counts alleged the court assessed the penalty stated.

It will be observed that in the second count it is stated that the felony was passing forged instrument, but it is not alleged that it was knowingly passed or that it was passed as true. It, therefore, fails to allege the elements of the offense charged.

In the third count, which sets out the second conviction, it is shown that the date of the conviction was subsequent to the date of the first conviction, but it does not show when the offense was committed and, so far as the allegation will admit of proof, it might have been committed at the same time or prior to the offense for which he was first convicted. The enhanced penalty statutes are reformatory in their nature and must be strictly construed in keeping with the purpose and intention which the legislature had in mind in passing them. Ellis v. State, 115 S. W. (2d) 660, and Childress v. State, 116 S. W. (2d) 396, are authority for the conclusion that the elements of the offense must be alleged and that the second offense must have been committed subsequent to the final conviction for the first and that the allegations in the indictment must so state. On the question of the necessity to allege that subsequent convictions were for crimes committed after the former

conviction, this court has spoken more plainly in Gammill v. State, 117 S. W. (2d) 790, and Mullins v. State, 144 S. W. (2d) 565.

The motion to quash these counts in the indictment was timely filed and should have been sustained.

While it has not been called to our attention by the appellant, it is observed that the court assessed a penalty not provided for by statute. Article 63 of the Penal Code provides for "life" imprisonment as an enhanced penalty, and the court is not authorized to fix a number of years.

The allegation of the theft of the $202.00 is in proper form and the judgment of the trial court is reversed and remanded with instruction to quash the second and third counts in the indictment.