HOWARD HARRISON, *alias* CURLY HARRISON V. THE STATE.

No. 22344.  Delivered January 6, 1943.
Rehearing Denied February 17, 1943.

The opinion states the case.

*Eugene N. Catlett,* of McAllen, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction under Art. 63, P. C., commonly known as the habitual criminal statute. The punishment affixed is life imprisonment in the penitentiary.

Said Article reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The two previous convictions relied upon in the instant case were alleged to have occurred in 1932 and 1935, respectively. With reference to the second conviction, the indictment fails to allege that the offense for which the appellant was then convicted was committed subsequent to the conviction in 1932, or the first conviction.

For the State to invoke the provisions of Art. 63, P. C., it is necessary that each succeeding conviction be subsequent to the previous conviction, both in point of time of the commission of the offense as well as the conviction therefor. The indictment must so allege. Ellis v. State, 115 S. W. (2d) 660, 134 Tex. Cr. R. 346; Childress v. State, 116 S. W. (2d) 396, 134 Tex. Cr. R. 504; Gammill v. State, 117 S. W. (2d) 790, 135 Tex. Crim. Rep. 52; Mullins v. State, 144 S. W. (2d) 565, 140 Tex. Cr. R. 261; Square v. State, 154 S. W. (2d) 852, 142 Tex. Cr. R. 493.

388

An approved form of indictment covering prosecutions under Art. 63, P. C., will be found in the Childress case.

The indictment being insufficient to support a conviction as an habitual criminal, appellant's objection to the submission thereof to the jury should have been sustained.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State filed a motion for rehearing in this case in which the contention is made that it is not necessary to allege that one of the two prior offenses was committed after the conviction in the other in order to comply with Article 63 of the Penal Code. This is a contention that the court has been in error in all of the cases cited in the original opinion. We can not sustain the contention.

In view of the status of this case in which we find an indictment with twenty-seven counts, it is considered appropriate to say that the indictment is without fault in alleging the offense for which the party was tried and also alleging one prior conviction for a similar offense. Trial may be had under it and proof admitted of a former conviction for the purpose of enhancing the penalty but it will not sustain a life sentence.

The State's motion for rehearing is overruled.