EUGENE LEWIS V. STATE.

No. 24714. March 15, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the primary offense of burglary, with punishment assessed at life imprisonment in the penitentiary by reason of prior felony convictions as an habitual offender. Art. 63, P. C.

The sole question relates to the sufficiency of the allegations of the indictment in charging one of the prior convictions, as to which the indictment alleged, in effect, that appellant was on the 26th day of November, 1945, convicted, in Cause No. 11599, in the District Court of Williamson County, of the "felony of felony theft."

It is appellant's contention that the use of the term, "felony theft," is insufficient to describe the offense for which he was alleged to have been convicted. If we understand such contention, it is that the offense should have been described as that of a felony, to wit: theft of property over the value of $50.

Art. 63, P. C. requires only that the accused "shall have been three times convicted of a felony less than capital." The nature or character of those felony offenses is not material. Arnold v. State, 127 Tex. Cr. R. 89, 74 S. W. 2d 997; Ellis v. State, 134 Tex. Cr. R. 346, 115 S. W. 2d 660.

No necessity existed, then, that the offense for which appellant had been convicted be described so as to show the nature or character thereof in order to make applicable the statute (Art. 63, P. C.). It is not necessary in charging prior convictions for the purpose of enhancing the punishment that they be averred with the same particularity as is required in charging the commission of an offense. Waltrip v. State, 134 Tex. Cr. R. 202, 114 S. W. 2d 555.

Here, the indictment alleged the style and number of the case, the date of the judgment of conviction, and the court in which it was rendered, and it described the offense as that of felony theft.

As touching the purpose and effect of statutes enhancing punishment by reason of prior convictions, we said in Williams v. State, 109 Tex. Cr. R. 450, 5 S. W. 2d 514: " 'The prisoner is not tried over again for his first offense,' but, the allegation and proof of same being material to the punishment only, he has a right to such allegation thereof as will enable him to take issue thereon, and, if possible, to show that there is a mistake in identity, or that there was no final former conviction, etc."

The conclusion is expressed that the allegations of the instant indictment were within the rule stated and appellant was furnished thereby sufficient notice as to the felony for which he was alleged to have been convicted. The count in the indictment was not defective, as alleged.

Appellant insists that this conclusion is at variance with and contrary to the holding in Square v. State, 142 Tex. Cr. R. 493, 154 S. W. 2d 852, wherein it is said: "It will be observed that in the second count it is stated that the felony was passing forged instrument, but it is not alleged that it was knowingly passed or that it was passed as true. It, therefore, fails to allege the elements of the offense charged."

The holding in the Square case was based upon the particular offense there dealt with—that is, the passing of a forged instrument, which becomes an offense only when the forged instru-

ment is knowingly passed. In the instant case, the offense is that of theft, which is an offense eo nomine (Art. 1410, P. C.). The Square case is not here in point or controlling.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court