PAULINE SIMPSON V. STATE.

No..24938. November 1, 1950.

E. A. *Blair*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The information contains three counts, charging, respectively; (a) that appellant on October 20, 1949, unlawfully possessed beer for the purpose of sale; (b) that on March 26, 1945, appellant was convicted of an offense of like character; and (c) that on November 14, 1944, appellant was convicted of an offense of like character.

The information was not subject to any valid objection and was sufficient to invoke the provisions of Art. 61, P. C.

The punishment assessed against appellant was confinement in jail for one year.

In cases of this character, to enhance the punishment it is necessary that the succeeding conviction be subsequent to the prior conviction, both in point of time of the commission of the offense as well as the conviction. Harrison v. State, **145 Tex.** Cr. R. 386, 168 S. W. 2d 243; Square v. State, 142 Tex. Cr. R. 493, 154 S. W. 2d 852; Childress v. State, 134 Tex. Cr. R. 504, 116 S. W. 2d 396.

In the instant case, the allegations of the information complied with the rule stated.

The question is whether the state sustained such allegations by the proof—that is, whether the conviction of March 26, 1945, was shown to be for an offense committed subsequent to the conviction of November 14, 1944.

To sustain this proof, the state relies, alone, upon the judgment of conviction. The information upon which that judgment was founded was not offered in evidence, nor is the date of the offense for which the appellant was convicted otherwise shown in the testimony. The judgment of conviction recites only that the appellant was, on the date mentioned (March 26, 1945), found guilty of selling whisky, as charged, with punishment assessed at a fine of $200. There is nothing in the judgment identifying the date the offense was committed for which appellant was there convicted.

From what has been said, it is apparent that the state failed to establish, by proof, the allegations of the information relative to the prior convictions.

The facts being insufficient to warrant the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.