WILLIAM P. WILSON V. STATE.

No. 25,843. May 7, 1952.
Rehearing Denied October 8, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 5, 1952.

Hon. J. M. Hammack, Judge Presiding.

MORRISON, Judge, dissenting.

*M. D. Emerson,* Paris, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The offense is the unlawful transportation of whisky in a dry area. The penalty assessed is a fine of $100.00.

It is shown in this case by the agreed statement of facts that this liquor was purchased by the appellant in a wet area where he had a right to purchase it. It is also shown that he took it to his home, which was in a dry area, where he also had a right to take it. The testimony further shows that he kept it there for about a week or ten days and then started away from his home on a fishing trip. After having gone some distance he was apprehended by officers and they found in his possession four half-pints of whiskey. It was agreed by the state and this appellant that this was the same whisky that he had purchased in a wet area and brought to his home which was in a dry area.

The statute, Art. 666-23a, Section 1, Vernon's P.C., reads as follows:

"It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

We hold that there is but one trip of transportation which is exempted by the statute, and that the second trip transporting this same liquor at another and different time is the transportation which is prohibited. The place where he was apprehended on the second trip was not one where the sale of liquor was legal. Therefore, he had no right to transport that liquor on more than one trip, which would be the one exempted by the above-quoted statute.

We think that under the facts the appellant had his one transportation, which was exempted, and the second transportation was prohibited by law.

The judgment is therefore affirmed.

BEAUCHAMP, Judge (Concurring).

In concurring with Presiding Judge Graves' opinion, I desire to express my conclusion as to the exception in the statute.

The facts of this case are without dispute and raise no issue for a jury. Under other and different circumstances it may become one for the jury's decision under proper instruction from the court. For instance, one going on a journey who has purchased liquor in an area where it is lawful to purchase

the same may carry it into a dry area for his own use, and that dry area is not limited or confined to his home. It may not be said that he has to take it to a designated place. He may consume the liquor, or a part of it, before his journey ends, and such may be his intention when he purchases the liquor and as he transports it. The statute does not limit the exception to transporting the liquor from the place of purchase to a designated spot. Again, he may pass by and even stop at various places and the transportation would be lawful if the jury finds that it is a continuous journey.

Under the agreed facts of this case the appellant was not on a continuous journey when arrested and the exception to the statute is not applicable. He was transporting it from his home in Paris to another place and the transportation was unlawful. See Art. 666-23a, Vernon's Ann. P.C.

MORRISON, Judge (dissenting).

I cannot bring myself to agree with my brethren herein. A distinguishing feature between this case and the type of case we normally encounter, as I see it, lies in the fact that the state agreed that the evidence was undisputed that appellant had the "whiskey with him for his own personal, individual use, and that defendant had no intention of selling, giving or in any manner delivering any of said whiskey to any other person."

One of my colleagues construes the term "transport" to mean "trip," and the other construes it to mean "continuous journey."

I respectfully submit that neither construction gives effect to the legislative intent to authorize the transporting of liquor in a dry area where the same was purchased lawfully and is being transported for a lawful purpose; to-wit, for one's personal consumption. I further submit that "place where the possession thereof is legal" is any place where he has the same for his own use and that one may continue to so transport so long as it is for such purpose.

Under the first construction of the term "transport" set forth above, a traveling salesman, who had medical advice to take one drink before retiring each night, leaves his home in a dry area on Monday morning, passes through a wet area where he purchases a bottle of liquor, and continues on his journey which carries him into a dry area, where he spends the night.

Under this construction, he must throw away the bottle after the first night.

Under the second construction thereof, he may carry the bottle with him all week, but he may not start out the next Monday morning with last week's bottle, but must buy another in order for his transportation thereof to be legal.

It is undisputed, in the case at bar, that appellant was 64 years old, had never before in his life been charged with crime, and that he was taking this *one* quart on a fishing trip. I cannot bring myself to believe that it was the intent of the legislature to brand him as a law violator, and therefore enter my dissent.

## ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the affirmance of this conviction does violence to and places an unauthorized construction upon Art. 666-23a, Sec. (1) of Vernon's P. C.

A reasonable construction to be given to appellant's contention is that under the statute mentioned it is not unlawful to transport whisky anywhere within this state, so long as the whisky is purchased at a place where the sale thereof is legal and is transported solely for the consumption of the purchaser.

It is apparent that such construction would make the right to transport whisky, under the statute, to depend not upon "place" but, rather, upon the "consumption" thereof. In other words, the right to transport whisky purchased at a place where the sale thereof was legal would continue until the whisky was consumed by the purchaser, regardless of the dry status. The statute authorizes no such construction.

The motion for rehearing is overruled.

Morrison, J., remains convinced of the correctness of the conclusion expressed in his dissenting opinion.

Opinion approved by the court.