

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 13, 1953

Hon. Frank D. McCown      Opinion No. S-40
County Attorney
Dallam County      Re: The necessity that prior
Dalhart, Texas          convictions for passing
                     "hot checks" precede the
                     commission of the offense
                     charged as a felony under
Dear Sir:             Article 567b, V.P.C.

        We have your request for an opinion whether, under Article 567b of the Penal Code, a person who has passed three "hot checks" for $10.00 each, and who has no prior convictions, can be tried and convicted on each of the first two checks, separately, and then be tried and convicted on a felony charge for the third check.

        Paragraphs two and three of Section 4 of Article 567b, Vernon's Penal Code, read as follows:

        "If it be shown on the trial of a case involving a violation of this Act in which the check, draft, or order given on any bank, person, firm or corporation, is less than Fifty Dollars ($50), that the defendant has been once before convicted of the same offense, he shall, on his second conviction, be punished by confinement in the county jail for not less than thirty (30) days nor more than two (2) years, and by a fine not exceeding Two Thousand Dollars ($2,000).

        "If it be shown upon the trial of a case involving a violation of this Act where the amount of the check, draft, or order is less than Fifty Dollars ($50), that the defendant has two (2) or more times before been convicted of the same offense, regardless of the amount of the check, draft or order involved in the first two (2) convictions, upon the third or any subsequent conviction, the punishment shall be by confinement in the penitentiary for not less than two (2) nor more than ten (10) years, and

by a fine not exceeding Five Thousand Dollars
($5,000)."

Our search of the authorities reveals no case construing Article 567b which has passed specifically upon your particular question. However, the language used in paragraphs two and three of Section 4 of Article 567b, as quoted above, is similar to the language of Articles 61, 62 and 63 of the Penal Code, dealing with enhanced punishment for second and subsequent convictions, and it must be presumed that the Legislature, in the enactment of Article 567b, intended the same construction as theretofore placed by the courts on Articles 61, 62, and 63.

Article 61, dealing with second and subsequent convictions of misdemeanors, reads as follows:

"If it be shown on the trial of a misdemeanor that the defendant has been once before convicted of the same offense, he shall on a second conviction receive double the punishment prescribed for such offense in ordinary cases, and upon a third or any subsequent conviction for the same offense, the punishment shall be increased so as not to exceed four times the penalty in ordinary cases."

Article 62, dealing with subsequent conviction of a felony, reads as follows:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

Article 63, dealing with third conviction of a felony, reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The cases construing the enhanced punishment provisions of Articles 61, 62 and 63 of the Penal Code clearly hold that the second offense must occur after the accused has been

convicted of the first offense and the third offense must occur after the conviction of the second offense. Harrison v. State, 145 Tex. Crim. 386, 168 S.W.2d 243 (1943).

Judge Ramsey, in construing Article 1014 of the Penal Code of 1895, which article is now codified, unchanged, as Article 61, stated that the Article

". . . when construed with other provisions of the Penal Code and the Code of Criminal Procedure, is a reformatory statute, and does not warrant the cumulation of a number of cases occurring simultaneously, in order to add to the punishment, of the case on trial, but contemplates an enhanced punishment for a party who, after one conviction, does not reform, but persists in committing other offenses of a like character." Muckenfuss v. State, 55 Tex. Crim. 216, 217, 117 S.W. 853 (1909).

An indictment seeking to charge prior convictions as the basis for punishing a defendant as an habitual criminal must aver that each succeeding offense was committed after conviction of the preceding offense. Ellis v. State, 134 Tex. Crim. 346, 115 S.W.2d 660 (1938), 12 Tex. Jur. 796, Criminal Law, Sec. 405.

It is our opinion that in order to sustain a felony conviction under Article 567b, V.P.C. for giving a "hot check" in an amount less than $50.00, it is necessary that the accused be twice before convicted under the same Article; that the second offense be committed subsequent to the first conviction, and that the third offense be committed subsequent to the second conviction.

## SUMMARY

In order to sustain a felony conviction under Article 567b, V.P.C. for the giving of a "hot check" in an amount less than $50.00, it must be alleged and proved that the accused has twice before been convicted under the same Article, that the second offense was committed subsequent to the first conviction, and that

the third offense was committed subsequent to the second conviction.

APPROVED:                                      Yours very truly,

Rudy G. Rice                                   JOHN BEN SHEPPERD
State Affairs Division                         Attorney General

Willis E. Gresham
Reviewer                                       By William M. King
                                                  William M. King
Robert S. Trotti                                      Assistant
First Assistant

John Ben Shepperd
Attorney General

WMK/rt