## JOE MARTIN v. STATE

No. 28,652. January 9, 1957.

*Morehead, Sharp & Boyd,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully transporting beer in a dry area, with two prior convictions of offenses of like character alleged to enhance the penalty; the punishment, one year in jail.

The record reflects that the appellant was not represented by counsel until his motion for new trial was filed, in which he urged many claimed errors occurring during the trial which are here urged as grounds for a reversal of the conviction.

Appellant first insists that the court committed fundamental error in denying him the right to show the purpose for which he possessed the beer as a defense to the offense with which he was charged.

Such contention is presented by Formal Bill of Exception No. 1, wherein it is certified that, under the rulings of the court, the appellant was not allowed to show the purpose for which he possessed the beer in question as a defense to the offense with which he was charged.

The bill clearly certifies error, calling for a reversal of the case.

The offense charged is under Art. 666-4, Vernon's Ann. P.C., which makes it unlawful for any person to transport beer in a dry area.

Art. 666-23a (1), Vernon's Ann. P.C., reads: "It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

In giving application to this provision of the statute, it has been held that the transportation of an alcoholic beverage from a wet area into a dry area for one's own personal use is not unlawful. Walton v. State, 144 Texas Cr. Rep. 335, 163 S.W. 2d 203; Hess v. State, 145 Texas Cr. Rep. 343, 168 S.W. 2d 250; and Wilson v. State, 157 Texas Cr. Rep. 643, 251 S.W. 2d 888.

Art. 666-23a (1), supra, is an exception to Art. 666-4, supra; and, in order to receive the benefits thereof, it was incumbent upon the appellant to bring himself within the exception. Brooks v. State, 154 Texas Cr. Rep. 512, 228 S.W. 2d 863. The bill of exception, as certified, shows that appellant was denied the right to avail himself of the exception as a defense.

The court was in error in charging the jury under the provisions of Art. 666-27, Vernon's Ann. P.C., as a prosecution for

transporting beer in a dry area, under Art. 666-4, supra, is not governed by the provisions of Art. 666-27, supra, dealing with liquor transported into or upon a public highway in the state and requiring a written statement showing the consignor and consignee. Long v. State, 149 Texas Cr. Rep. 483, 196 S.W. 2d 635.

It is observed that, in alleging the prior convictions in the complaint and information, it was not alleged that the second conviction was for an offense committed subsequent to the first conviction. Where prior convictions are alleged for the purpose of enhancing the punishment, it is necesary that it be alleged and that the proof show that the succeeding conviction was subsequent to the prior conviction, both in point of time of the commission of the offense as well as the conviction therefor. Simpson v. State, 155 Texas Cr. Rep. 228, 233 S.W. 2d 584; Guilliams v. State, 159 Texas Cr. Rep. 81, 261 S.W. 2d 598; and Armendariz v. State, 163 Texas Cr. Rep. 515, 294 S.W. 2d 98. It is further observed that the information fails to allege that the second conviction became final prior to the commission of the primary offense, which allegation is necessary to charge a prior conviction for enhancement purposes.

The other contentions will not be discussed as the questions presented will not likely arise upon another trial.

For the errors pointed out, the judgment is reversed and the cause remanded.

Opinnion approved by the Court.