EDWARD D. ROGERS V. STATE

No. 31,599. March 23, 1960

MORRISON, Presiding Judge, dissented.

*Ralph O. Shepley,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas C. Dunn, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is forgery; the punishment, enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital, life.

The prior convictions are the same as those alleged to enhance the punishment for the forgery of another check which resulted in a conviction under the count charging the passing of such forged check, which was reversed in Rogers v. State, 168 Tex. Cr. Rep. 306, 325 S.W. 2d 697.

In that case we pointed out that the indictment alleged that appellant was convicted in Victoria County on December 1, 1948, and that *after* such conviction had become final he committed the offense of felony theft for which he was convicted in Criminal District Court of Harris County on March 28, 1951, but that we found no evidence in the record as to when theft for which appellant was convicted in Harris County was committed.

In the record before us there is no evidence to sustain the allegation that the theft for which appellant was convicted on March 28, 1951, was committed after his Victoria County conviction on December 1, 1948, unless it be the indictment in the Harris County theft case.

The indictment was offered in evidence, after being identified by the clerk. It was returned by the grand jury on March 1, 1951, and alleged the theft to have been committed "on or about the 6th day of December, 1950."

Art. 396 (6) V.A.C.C.P. provides that the time mentioned in an indictment must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.

It is well settled that under this provision the state is not bound by the date on or about which the offense is alleged to

have been committed, but a conviction may be had upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitation. Ellis v. State, 167 Tex. Cr. Rep. 87, 318 S.W. 2d 655; Hunter v. State, 95 Tex. Cr. R. 394, 254 S.W. 993, and other authorities listed under Note 9, Art. 396 V.A.C.C.P.

An indictment for felony theft may be presented within five years, but not afterwards. Art. 179 V.A.C.C.P.

Under the indictment returned in the Harris County felony theft case, proof that such theft was committed long prior to December 1, 1948, would support the conviction.

It follows that the introduction of the indictment did not supply the necessary proof that appellant's conviction in Harris County on March 28, 1951, was for a theft committed after his conviction in Victoria County on December 1, 1948, had become final.

It is now settled law that Art. 63 P.C. is reformatory in nature, and the second conviction alleged to enhance the punishment must be for a non-capital felony committed after the conviction in the first non-capital felony became final. Rogers v. State, 168 Tex. Cr. Rep. 306, 325 S.W. 2d 697; and cases cited; Square v. State, 142 Tex. Cr. R. 493, 154 S.W. 2d 852; Ellis v. State, 134 Tex. Cr. R. 346, 115 S.W. 2d 660; Harrison v. State, 145 Tex. Cr. R. 386, 168 S.W. 2d 243; Martin v. State, 164 Tex. Cr. R. 113, 297 S.W. 2d 166.

Our first reason for reversal of the conviction in Rogers v. State, 168 Tex. Cr. Rep. 306, 325 S.W. 2d 697, and the authorities cited are controlling in this appeal and require reversal.

The judgment is reversed and the cause remanded.

MORRISON, Presiding Judge (dissenting).

The state introduced in evidence the indictment in Cause No. 64, 255 upon which appellant's second conviction in Harris County was predicated, which alleged that the offense was committed on or about the 6th day of December, 1950. This, I conclude, was sufficient to show that the offense was com-

mitted after appellant's conviction for burglary in Victoria County on December 1, 1948.

I respectfully dissent to a reversal of this conviction.