William Henry DOLLAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 40522.

Court of Criminal Appeals of Texas.

July 12, 1967.

Rehearing Denied Oct. 11, 1967.

Will Gray, Houston (on appeal only), for appellant.

Henry Wade, Dist. Atty., John Rogers, Jack Hampton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is breaking and entering a motor vehicle with prior convictions for burglary and felony theft alleged for enhancement; the punishment, life.

This is an appeal from a re-sentencing of appellant. The indictment was in regular form[1] and alleged in the third count that a 1947 felony theft conviction was a final conviction for an offense committed by appellant prior to the commission and conviction of the 1949 burglary conviction. It is appellant's contention that the evidence was insufficient to establish that the 1947 conviction was prior to the commission of the 1949 burglary.

Facts as to the prior convictions alleged for enhancement were stipulated, and in

1. Willson's Criminal Forms, Seventh Edition, Section 2333.

the stipulation the phrase "for an offense" was omitted and the stipulation read, as far as the 1947 conviction was concerned, in part as follows: "that the (1947) conviction was a final conviction and was a conviction committed by him the said William Henry Dollar prior to the commission and conviction of the offense herein alleged" (the 1949 burglary conviction). Omitting the phrase "and was a conviction committed by him", the stipulation still contains the admission that the 1947 conviction was a final conviction prior to the *commission* and conviction of the 1949 burglary.

Reliance is had, among other cases, upon Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383, in which the writer dissented. In that case there was no proof other than the indictment that the 1951 Harris County conviction was for an offense committed after the 1948 conviction from Victoria County. The dates alleged in the indictment were held to be insufficient because the State is not bound by the commission date alleged in the indictment, but may prove the offense was committed on any date anterior to the presentment of the indictment, so long as not so remote to be barred by the statute of limitation.

In the case at bar indictments are not relied upon to prove that the 1947 conviction was final before the commission of the offense in the 1949 conviction; instead reliance is upon the above quoted stipulation entered into by counsel for the State and counsel for the appellant, and we find the same to be sufficient under Article 63, Vernon's Ann.P.C.

Appellant's next contention is that he is not bound by the stipulation of his counsel since he was not shown to have personally joined in the same. There can be no merit in this contention because appellant, testifying in his own behalf as to the facts of the primary offense in answering questions propounded by his own counsel, admitted that he was the same William Henry Dollar mentioned in "these two other cases" and that he had been "down to Huntsville".

Finding no reversible error, the judgment is affirmed.

