Clifton Ray **FAULWELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42315.

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Rehearing Denied Jan. 7, 1970.

Thomas H. Kennerly, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Bob Scott, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 63, Vernon's A.P.C., life.

Appellant expressly does not challenge the sufficiency of the evidence to sustain the conviction for the primary offense, nor does he seek a reversal. He contends only that the judgment of conviction imposing a life sentence as a habitual criminal under Article 63, supra, should be reformed to provide for the assessment of 12 years imprisonment under the provisions of Article 62, V.A.P.C.

It is his sole claim that there was insufficient evidence to show that the second prior conviction alleged for enhancement was for an offense committed after the first prior conviction alleged for enhancement had become final.

Appellant relies primarily upon Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383 and cases adhering to that decision. See Wheat v. State, Tex.Cr.App., 442 S.W. 2d 363 and cases there cited at p. 367.

With regard to the prior convictions the indictment in the case at bar alleged that the appellant was convicted of assault with intent to rob in Criminal District Court No. 2 of Harris County in Cause No. 103,-621 on March 8, 1963, and that *after* such conviction became final he committed the offense of theft from person for which he was convicted on December 29, 1964, in Criminal District Court No. 2 of Harris County in Cause No. 112,382.

In Rogers v. State, supra, this Court said:

"It is now well settled law that Art. 63, Vernon's Ann.P.C., is reformatory in nature, and the second conviction alleged to enhance the punishment must be for a noncapital felony committed after the conviction in the first noncapital felony became final. Rogers v. State, [168 Tex.Cr.R. 306] 325 S.W.2d 697; and cases cited. Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852; Ellis v. State, 134 Tex.Cr.R. 346, 115 S.W.2d 660; Harrison v. State, 145 Tex.Cr.R. 386, 168 S.W.2d 243; Martin v. State, 164 Tex.Cr.R. 113, 297 S.W.2d 166."
See also Wheat v. State, supra.

To support the allegations as to the prior convictions the State introduced certified and exemplified copies of the records of the Texas Department of Corrections showing the judgments and sentences, fingerprints and photographs of the appellant, and showed by a fingerprint expert that the prints in such records were identical with those of the appellant that he took from the appellant which were introduced into evidence. See Gutierrez by and through Heredia v. State, 168 Tex.

Cr.R. 378, 327 S.W.2d 758; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; 1 Branch's Ann.P.C., 2nd ed., Sec. 699, p. 684.

Appellant apparently does not question the evidence which reflects the first prior conviction alleged occurred on March 8, 1963, and became final, no notice of appeal being given, but contends the evidence insufficient to show that the commission of the offense alleged and the conviction in said Cause No. 112,382 occurred after the conviction in said Cause No. 103,621 had become final. He calls attention to Article 12.03, V.A.C.C.P., the five year statute of limitation concerning the prosecution of felony theft cases, and the well settled proposition that the State is not bound by the date on or about which the offense is alleged to have been committed but a conviction may be had upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitation. See Rogers v. State, supra.

In addition, however, to the evidence above noted the State introduced as State's Exhibit No. 4 the indictment in said Cause No. 112,382, which alleged the offense in question occurred on or about August 1, 1964. While such evidence standing alone might not be sufficient, it is observed that the State called Officer W. H. Taylor, who had investigated said offense, and who testified that said offense occurred on August 1, 1964. This is clearly sufficient. Gomez v. State, Tex.Cr.App., 365 S.W.2d 176; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Broussard v. State, Tex.Cr.App., 363 S.W.2d 143; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Richardson v. State, Tex. Cr.App., 432 S.W.2d 100. Cf. Stoneham v. State, Tex.Cr.App., 389 S.W.2d 468. See also Wheat v. State, supra, 442 S.W.2d at p. 367.

If it be appellant's contention that Officer Taylor's testimony was insufficient to show the date of the commission of such offense, we observe that appellant did not object to such testimony, request to take the witness on voir dire, or cross examine such witness.

Finding appellant's single contention without merit, the judgment is affirmed.