Thomas Francis MISTROT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44067.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 2, 1971.

Don Metcalfe, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., for the State.

**832**

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for sale of marihuana, with two prior convictions alleged for enhancement; the jury assessed the mandatory punishment of life.

Sam Roberts, a special agent with the Bureau of Narcotics and Dangerous Drugs, testified that on July 16, 1968, he was approached by the defendant in the Continental Bus Station in Dallas, whereupon the appellant offered to sell him some LSD at $3 a tablet. He then purchased 38 tablets for $86. The tablets were later found not to be LSD or any type of dangerous drug. The appellant called Roberts on the telephone, and Roberts told him the pills were not LSD. The appellant said he would either refund the money or replace the tablets with real LSD. The appellant tried to find some more LSD to replace it but was unsuccessful. Finally, they agreed to substitute marihuana for the LSD. The appellant gave Roberts $40 of his money back plus the marihuana which is the subject of this prosecution.

Officer C. R. Hemby of the Dallas Police Department testified that he had arranged the first meeting at the bus station by telling the appellant that he knew someone who wanted to buy LSD. He accompanied Roberts through the various stages of the transaction.

The appellant testified that he was 21 years old, that he knew the tablets were not LSD, that Roberts seemed upset about the tablets not being LSD, and that Roberts suggested the substitution of the marihuana. Other portions of his testimony were as follows:

"Q   During the time that you drove that car—drove from the Grande Motel over to Cathy Harris' house was there any conversation in the car? Just yes or no. Was there any conversation?

"A   Yes.

"Q   Who was most of the conversation between?

"A   Well, there was actually all three of them. They were telling me a story about another individual that had burned them and what had happened to them.

"Q   Did Officer Roberts say anything about this?

"A   Yes, sir.

"Q   Did they tell you what happened to the other person that burned them?

"A   Not actually. They didn't come out and say whether the person was killed or beat up or what, but they said, 'You remember what happened to so and so when he tried to do that.'

"Q   In other words, you got the message, right?

"A   Yes, sir.

\*     \*     \*     \*     \*     \*

"Q   (By Mr. Metcalfe)   Whose idea was it that you give him marijuana?

"A   Well, in a roundabout way, you could say it was my idea.

"Q   Who initiated the conversation about the marijuana?

"A   The conversation concerning marijuana was on the way over there is how we got started on it. Then, when we got over there, we got to talking about it.

\*     \*     \*     \*     \*     \*

"Q   \* \* \* Had it not been for the attitude and the talk and the appearance and the mannerisms of Officer Roberts and these other two officers, would you have given them this marijuana?

"A   No."

■ ꞌThe appellant first contends that the evidence is insufficient to show that there was a sale of the marihuana because the transfer was in part payment of a preexisting indebtedness. He contends that this is not a "sale," "barter," "exchange," or "gift" under Art. 725b, Sec. 1(10), Vernon's Ann.P.C. This contention is without merit. The marihuana here was substituted for the LSD for which Roberts had given the appellant money. It was either transferred in exchange for that consideration or it was given as a gift to placate Roberts. In either case, it was a sale within the contemplation of Art. 725b, Sec. 1(10). The appellant's first ground of error is overruled.

■ The appellant's second ground of error challenges the sufficiency of the proof that his first felony conviction became final prior to the commission of the second conviction alleged in the indictment.

"It is well established law that Article 63, V.A.P.C., is reformatory in nature, and the second conviction alleged to enhance the punishment must be for a non-capital felony committed after the conviction for the first non-capital felony." Wheat v. State, Tex. Cr.App., 442 S.W.2d 363. See: Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; Rogers v. State, 169 Tex.Cr.R. 239, 333 S. W.2d 383.

State's Exhibit 5 is a judgment of the District Court of Jefferson County, Cause No. 26675, wherein the appellant was found guilty of breaking and entering a coin-operated machine. The judgment is dated June 15, 1967, and recites that the offense was committed on May 10, 1967. The indictment also alleged for enhancement another conviction of a like offense, dated March 2, 1965, in Criminal District Court No. 5 of Dallas County. The two judgments show on their face that one offense and conviction occurred after the commission and conviction of the prior offense. The appellant's second ground of error is overruled.

■ The appellant's third ground of error complains because the court refused to declare a mistrial after the prosecutor asked the appellant, "Isn't it a fact that you told him you were one of the biggest pimps in Dallas and had a long stream of girls?" Objection to the question was sustained and the jury was instructed to disregard it. In White v. State, Tex.Cr.App., 444 S.W. 2d 921, this Court said:

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds."

"The Court of Criminal Appeals rarely reverses a conviction of crime solely because an improper question was propounded to the defendant as a witness. To cause reversal the question must be obviously harmful to the defendant." Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224.

In view of the court's ruling and its instructions to the jury, there is no reversible error. The appellant's third ground of error is overruled.

■ The appellant's fourth ground of error asserts entrapment as a matter of law. "It appears to be well established that the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt he was entrapped." Jones v. State, Tex.Cr.App., 427 S.W.2d 616. See: Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452; Cooper v. State, 162 Tex. Cr.R. 624, 288 S.W.2d 762; Vera v. State, Tex.Cr.App., 473 S.W.2d 22. The evidence in this case was sufficient to raise the factual issue of entrapment, and that issue was submitted to the jury in the court's charge, and decided against the appellant. The evidence does show that Rob-

erts insisted on either getting his money back or some LSD or marihuana. However, the appellant himself testified that it was his idea that he give the marihuana to Roberts. The facts do not establish as a matter of law that the appellant was entrapped. The appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.