**Ex parte Morris Garza CARDENAS.**

**No. 67219.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 20, 1981.

G. Thomas Cannon (court appointed), Ralph H. Brock (on appeal only), Lubbock, for appellant.

John T. Montford, Dist. Atty. and Jim B. Darnell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order of the trial court denying bail under the provisions of Art. I, Sec. 11–a of the Texas Constitution.

The appellant's claim that the trial court abused its discretion in denying bail "because the State failed to prove that the second conviction alleged in support of its motion was committed subsequent to the commission and conviction of the first" is dispositive of this appeal.

Art. I, Sec. 11–a of the Texas Constitution provides:

"Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, .... after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) .... above ...., may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused; provided, however, that if the accused is not accorded a trial upon the accusation under (1) .... above .... within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."

Art. I, Sec. 11–a, supra, in pertinent part, requires the State to prove that the accused's second previous felony conviction was committed after the first previous conviction was committed and became final. The State introduced the indictment, judgment and sentence for each of the two prior felony convictions upon which it relied in its motion to deny bail. The appellant's conviction for the offense of robbery by assault in Cause No. 12,615 was final on March 18, 1971; therefore, this conviction was final before the commission of the primary offense which the State's proof shows occurred on February 7, 1981. Appellant's conviction for burglary in Cause No. 10,347 was final on April 15, 1966; however, neither the judgment nor the sentence reflect when the offense in Cause No. 12,615 was committed. The only evidence of when the offense in Cause No. 12,615 was committed is the allegation in the indictment that a robbery by assault occurred "on or about the 19th day of March A.D.1970, and anterior to the presentment of this indictment ...." Since an indictment for robbery may be presented within five years of its commission, but not afterwards, Art. 12.03, V.A.C.C.P., 1965, a conviction could be had upon proof that the offense in Cause No. 12,615 was committed anytime prior to the presentment of the indictment within its five year period of limitations. Art. 21.-21(6), V.A.C.C.P.; *Espinosa v. State*, 463 S.W.2d 8 (Tex.Cr.App.1971); *Rogers v. State*, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960). Therefore, the indictment, standing alone, is insufficient evidence to show that the conviction in Cause No. 10,347 was final when appellant committed the offense in Cause No. 12,615.

The order denying bail is reversed.