EDGAR McELROY v. THE STATE.

No. 19639. Delivered April 27, 1938.

The opinion states the case.

*J. G. Anderson, H. L. Williford,* and *Williford & Bond,* all of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment, seven years confinement in the State Penitentiary.

The State's testimony shows that appellant went to the home of the deceased in the early part of the night, where a group of other negroes were assembled. He went into the house and had a whispered conversation with the deceased, then left the room and went into the yard. Soon thereafter, he called to the deceased to come out. In response to the call, the deceased came to the door, stepped out into the yard and had gotten only a few steps from the door when a shot was heard. Immediately thereafter, the injured party came back into the house, fell at the foot of the bed and died a few minutes later. It was shown by a res gestae statement of the appellant that he admitted the shooting but said he was sorry for it. The deceased, also by res gestae statement, said that he did not know why the appellant shot him. Appellant testified in his own behalf, and admitted the shooting, but contended it was through a mistake. That he thought he was shooting James Ransom who was in

the house when appellant entered, and with whom he had previously had trouble and who had made some threats against him. That as he started to go out of the house, Ransom remarked: "Let's get him Blue," and jumped to his feet. Thereupon appellant ran to where he had left his shotgun, picked it up, and turned and fired upon the party who came towards him and who he mistook for Ransom.

It is apparent from the State's testimony that the killing was deliberate and entirely unprovoked. The defense was that the shooting was the result of a mistake in identity; that the appellant in the exercise of his right of self-defense, both from actual and apparent attack as well as from threats by Ransom, was entirely justified.

Bill of exception number one relates to the testimony of M. Henderson, showing that the next morning after the killing, he found three shotgun wads a few yards from the front door of the deceased's home. Appellant objected thereto on the ground that this was twelve or fifteen hours after the alleged shooting; that conditions could have been changed and the wads placed there by some one else. There was no question but that there was but one shot fired and that was done by appellant with a shotgun; consequently, the objection went more to the weight of the evidence than to its admissibility.

By bill number two, appellant complains of the testimony given by Charles Lambert to the effect that the general reputation of the appellant as a peaceable and law-abiding citizen was bad. Appellant objected on the ground that the witness was not qualified; that the general reputation could not be shown by specific acts. It clearly appears from the bill that the witness, on direct examination, qualified. That upon cross-examination the appellant inquired rather extensively as to what he had heard that made him believe or caused him to know that appellant's reputation in that respect was bad. The witness proceeded to tell what he had seen and what he had heard; whereupon appellant objected to the admission of such testimony and moved that it be withdrawn. It is apparent from the bill that the matter of the specific acts on the part of appellant was brought out by himself and injected into the case by his own conduct in the cross-examination of the witness. Hence he has no just grounds of complaint.

Appellant, in due time, urged a number of objections to the court's charge. An inspection of the charge discloses that the court instructed the jury on murder with and without malice, self-defense based on apparent as well as actual danger and communicated threats. We think this adequately protected appellant

in his legal rights. He also complained of the court's failure to instruct the jury on the law of aggravated assault. It is our opinion that such a charge was not required under the facts of this case, because appellant shot the deceased with a shotgun, a deadly weapon, at close range. This, to our minds, eliminated the question of aggravated assault. There was also an objection to the charge because the court instructed the jury on the law of Article 42, P. C. We think that under the particular facts of this case such an instruction was justified.

All other matters complained of have been considered by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.