ALVIE LE MARR V. STATE

No. 29,204. October 30, 1957.
Appellant's Motion for Rehearing Overruled January 15, 1958.

*Ross Hardin*, Dallas, and *Doss Hardin*, Fort Worth, for appellant.

*Henry Wade*, Criminal District Attorney, *James K. Allen*, *William F. Alexander*, *A. D. Jim Bowie*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 50 years.

The state has moved to strike the statement of facts on file in this court because the same was not filed in the trial court until the 104th day after notice of appeal and therefore filed too late for our consideration under Articles 759A, sec. 4, and 760d, V.A.C.C.P.

Appellant's attorney, in answer to such motion, has furnished this court with an affidavit in which he states that the statement of facts was completed by the court reporter on or about

May 24, 1957. He does not tell this court how he knew that the statement of facts was completed on that day nor does he state that he saw the same in its completed condition.

The pauper's oath was filed on June 3, which was the 89th day. On June 4, the 90th day, the court ordered the reporter to prepare and furnish the statement of facts.

The court reporter has furnished this court with an affidavit in which she swears that the statement of facts was not completed on June 4 and could not have been completed on such date.

Since the appellant's attorney's affidavit does not inform this court how he knew the statement of facts was completed at an earlier date, we must accept the affidavit of the reporter that the same was not completed on June 4, which was the last day for filing the same.

We must hold that the appellant has not exercised due diligence when he waited until the 89th day to file his pauper's oath and that the statement of facts was filed too late.

The judgment appearing regular and nothing being presented for review, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In view of additional affidavits presented by appellant we have concluded to consider the statement of facts on file in the cause.

The evidence is undisputed that the deceased, Samantha Ellen Le Marr, who was the appellant's wife, was shot and killed on the day in question around 8:00 o'clock A.M. at her home in the city of Dallas.

The state's testimony shows that a short time prior to the killing the deceased came to the home of Mrs. Josephine Herron, a neighbor who lived nearby, and after leaving her purse and a $5.00 bill returned to her home. Some ten minutes later Mrs. Herron's attention was directed to loud talking at the Le Marr residence where she could see the movement of people in the front room and she then heard four shots in rapid succession and two minutes later heard one single shot. In approximately five

minutes appellant came to Mrs. Herron's residence and told her, "Ellen shot me; call the police," which she did. Thereafter, Officer Kelly arrived at the scene and found the appellant sitting in a chair inside the front door of his house holding his left arm which had been shot. Appellant stated to the officer that his wife had shot him and that he had taken the gun away from her, knocked her down and shot her. A 38 calibre pistol lying in the chair beside appellant was observed by Officer Kelly which the testimony shows contained five empty shells and one live bullet. Upon being asked where his wife was, appellant stated that she was lying on the floor in the bedroom, whereupon Officer Kelly proceeded to the bedroom and found the body of the deceased lying on the floor and also found an open suitcase and some boxes containing ladies clothing in the room.

The evidence shows that the deceased's body contained four bullet wounds of entrance and that the cause of death was gunshot wounds to the head and heart.

It was the state's theory that the appellant shot his wife when she was preparing to leave him and then shot himself in the arm so as to make it appear that she had shot him.

As a witness in his own behalf appellant denied that his wife was preparing to leave him on the morning in question and stated that she shot him. Appellant testified that when his wife fired the shot, he grabbed her by the hand; that a struggle ensued in which he ended up with the gun but that he did not remember what happened. Appellant further testified that if he shot his wife he did not know it and he did it accidently.

In submitting the issue of appellant's guilt to the jury, the court charged upon the law of self-defense and of accident and we find the evidence sufficient to support the jury's verdict.

Appellant complains of a certain remark of the trial court as being in violation of Art. 707, V.A.C.C.P., and of the court's refusal to grant a mistrial following such remark.

The record reflects that upon his cross-examination appellant was repeatedly asked by state's counsel as to whether he claimed that his wife was shot four times accidently and answered such inquiries by stating that he did not know that she was shot four times. Upon insistence of state's counsel that appellant answer the question and be so instructed the court stated, "He can explain why. He has asked it a certain way; certainly he can

answer right now, he is not out of his mind now, he can state whether he claims it now or not."

We find no merit in appellant's contention that the statement of the court, "he is not out of his mind now," constituted a comment upon appellant's credibility as a witness and was prejudicial to him. The court's comment was clearly made in the light of appellant's claim that at the time his wife was shot he did not know or remember what happened. Appellant made no claim of insanity at the time of trial. Furthermore, the court instructed the jury not to consider such statement. No benefit to the state or injury to the appellant can be found in the remark of the court; hence, no reversible error is shown. Huckert v. State, 159 Texas Cr. Rep. 368, 264 S.W. 2d 121.

Appellant complains of the admission in evidence of state's exhibits Nos. 2 and 6 which consists of a photograph taken by Officer Climer of the bedroom where the deceased body was found and part of a pistol slug found by the officer in a basket in the bedroom.

The record reflects that the photograph was taken around 10:00 o'clock A.M. on the morning of the killing. Officer Climer testified that the photograph was a correct representation of the bedroom at the time it was made. The photograph was identified by Officer Kelly as a true representation of the room at the time he arrived at the scene around 8:25 o'clock A.M. with the exception of the body of the deceased which had been removed. Under such testimony it is shown that the photograph of the bedroom was taken under conditions substantially the same as those existing at the time of the killing and the same was therefore admissible in evidence. 22 Texas Jur., par. 150, page 669; Hassell v. State, 80 Texas Cr. Rep. 93, 188 S.W. 991; Hart v. State, 87 Texas Cr. Rep. 55, 219 S.W. 821 and Osborn v. State, 159 Texas Cr. Rep. 323, 263 S.W. 2d 263. The pistol slug found by the officer at the scene was also admissible in evidence. See 22 Texas Jur., par. 200, page 791; McElroy v. State, 134 Texas Cr. Rep. 445, 115 S.W. 2d 971 and McNeil v. State, 142 Texas Cr. Rep. 374, 154 S.W. 2d 653.

Finding no reversible error, appellant's motion for rehearing is overruled.

Opinion approved by the Court.