Joe C. GOMEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 35248.

Court of Criminal Appeals of Texas.

Feb. 6, 1963.

Rehearing Denied March 13, 1963.

Ralph Chambers, Houston, King C. Haynie, Houston (On Appeal Only), for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., and Jimmy R. James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is burglary with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Alex Holgin and his wife, witnesses for the state, testified that during their absence on September 10, 1960, someone entered their home during the daytime by making a hole in the screen door and lifting the latch, and took a pair of shoes, a rifle, some nickles and pennies and some cigarette lighters, and that the entry of the house and the taking of said articles was without their consent. Mrs. Holgin further testified that one of the lighters was returned to her.

Henry Cabellero testified that on September 10, 1960, he went to the home of Alex Holgin to see Holgin's grandson. While testifying he identified the appellant as the same person he saw come out of the Holgin house as he arrived, and that the appellant was carrying a rifle which was encased and a shoe box; that he asked the appellant about the grandson and appellant said he had gone to the store. Cabellero lived across the street in front of the Holgin house.

In support of the allegations of the two prior convictions alleged the state introduced in evidence Exhibits Nos. 1 and 2 which consisted of certified copies of the judgments and sentences with attached photographs and fingerprints which were properly authenticated by the Record Clerk of the Texas Prison System. The factual data in the judgments and sentences correspond with those in the enhancement allegations of the indictment.

Officer Neaven while testifying identified the appellant as the same person who was convicted on March 30, 1955, of burglary of a private residence at night, which he had investigated.

It was stipulated that the known fingerprints of the appellant, Joe C. Gomez, introduced as State's Exhibit No. 3, were the same as those included in State's Exhibits Nos. 1 and 2.

The appellant did not testify but called Valentino Costello who testified that a boy known to him only as Johnnie gave him a cigarette lighter that had been recovered after the burglary of the Holgin home; and that he had been shown a picture of Joe Gomez but he did not recall having seen him before.

It is contended that the evidence is insufficient to support the allegations of the prior convictions on the ground that the certified copies of the judgments and sentences of the prior convictions were not introduced in evidence before the jury.

█ After a hearing in the absence of the jury, the court admitted into evidence State's Exhibits Nos. 1 and 2 which included said certified copies of the judgments and sentences and then had the jury returned into court. Both exhibits are contained in the statement of facts approved by counsel. It was stipulated into the record as evidence before the jury that the known fingerprints taken of the appellant on January 10, 1960, were the same as those included in State's Exhibits Nos. 1 and 2. Therefore it is evident that said records were in evidence before the court and jury. The stipulation as to fingerprints removed any question as to appellant's identity in connection with the prior convictions.

█ Appellant challenges the sufficiency of the evidence to show that the second prior conviction, which was in Cause No. 53961, was for an offense committed after the conviction for the first offense alleged had become final.

The indictment alleges that appellant was convicted May 9, 1951, for burglary in Cause No. 52040 in the Criminal District Court of Bexar County, Texas; that after the conviction in said Cause No. 52040 had become final he committed the offense of burglary of a private residence at night for which he was convicted on March 30, 1955, in Cause No. 53961 in the Criminal District Court of Bexar County; and the primary offense was alleged to have been committed on or about September 10, 1960. The judgments and sentences of the prior convictions in evidence correspond with and support the allegations of the indictment.

Officer Neaven of the San Antonio Police Department testified that he investigated the burglary of a private residence at night of which Joe C. Gomez was convicted on the 30th day of March 1955, and that such burglary occurred on November 22, 1954. While testifying he identified the appellant as the same person who was convicted for such offense.

The evidence sufficiently shows that the second prior conviction as alleged was for an offense committed after the first prior conviction had become final.

There were no objections to the charge and no requested charges presented to the court. An examination of the court's main charge reveals no fundamental error, as the appellant contends.

█ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.