Jimmy Gray **CROSS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42253.

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied Nov. 19, 1969.

Will Gray, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Erwin G. Ernst, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Justice.

The offense is murder with malice; the punishment, life.

Trial was before a jury on a plea of not guilty. The state withdrew its notice that the death penalty would be sought after the jury returned its verdict finding appellant guilty, and appellant waived a jury trial on the issue of punishment and requested that the court assess the punishment.

The undisputed evidence was that appellant killed his wife by stabbing her six times, three wounds being inflicted on the left chest and three on the back. Several of the wounds were four inches in depth.

The sufficiency of the evidence to sustain the conviction is not challenged.

Appellant's sole defense was that of insanity at the time the offense was alleged to have been committed.

Nine grounds of error are set forth in appellant's brief, the first five of which relate to the contention that appellant was denied substantive and procedural due process of law and a fair trial by an impartial jury by the Texas Statutes and his trial thereunder, in that (1) the issue of his insanity was tried along with the issue of guilt or innocence; (2) he was compelled to admit and introduce inculpatory, inflammatory and prejudicial testimony bearing on his insanity at the time of the offense in order to discharge his burden of proof on that issue; and (3) because of the Texas Statutes and judicial decisions under which every person is presumed to be sane and the defendant must prove insanity as a defense by a preponderance of the evidence.

Art. 34 Vernon's Ann.P.C. provides in part: "No act done in a state of insanity can be punished as an offense."

Art. 35 V.A.P.C. provides: "The rules of evidence known to the common law as to the proof of insanity shall be observed in all trials where that question is an issue."

■ The Texas rule regarding the presumption of sanity and the burden of proving insanity by a preponderance of the evidence arises by reason of said Art. 35.[1]

Art. 46.02 Vernon's Ann.C.C.P. relates to procedure where the issue of insanity is raised as a defense and also where the issue of insanity or competency to prepare a

1. Art. 34 P.C. above quoted in part further provides: "No person who becomes insane after he committed an offense shall be tried for the same while in such condition. No person who becomes insane after he is found guilty shall be punished while in such condition; however the time he is confined in a State mental hospital for treatment may be considered time served and may be credited to the term of his sentence."

rational defense is raised in bar of trial and punishment.

We do not understand that the Texas rule under which every person is presumed to be sane and the burden of proof on the issue of insanity at the time of the offense is on the defendant to prove such defense by the preponderance of the evidence, differs from the common law rule in effect in other jurisdictions.

■ Appellant's contention that such rule or the application thereof deprived him of a fair trial or of substantial or procedural due process of law is overruled.

The issue of insanity raised and relied on by appellant was insanity at the time of the killing. This issue was relied on as a defense and evidence offered to prove such defense necessarily related to the issue of guilt.

■ Prior to trial appellant sought a separate trial on the issue of insanity at the time of the killing. This was properly denied by the trial court, such issue being a defense.[2]

There was no motion or request for a trial on the issue of present insanity or competency of the defendant to stand trial (or to make a rational defense) and no request for a decision or issue thereon at the trial on the merits. (Art. 46.02 V.A.C.C.P.) To the contrary, the record reflects that appellant's counsel stated that after conferring with appellant and discussing it with a number of witnesses his counsel were satisfied that appellant was not incompetent to stand trial or make a rational defense in the case.

Also, the trial judge, on his own motion, ordered psychiatric examination of appellant to determine such issue, and was advised by the psychiatrist before the state presented its case, that appellant was competent to stand trial and his competency to

make a rational defense was not controverted during the trial.

Under these facts Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, has no application.

Appellant's contention that he was denied substantive or procedural due process of law and a fair trial by an impartial jury, presented by his first five grounds of error, is overruled.

Ground of error No. 6 complains that the trial court committed fundamental error in submitting to the jury a second special issue (Present Insanity) predicated upon a prior finding in answer to Special Issue Number One that appellant was insane at the time of the offense.

Sec. 2(c) of Art. 46.02 V.A.C.C.P. sets out the rule of procedure applicable when the issue of insanity as of the time of the alleged offense is raised. Subsections (2) and (3) of said Section 2(c) provide:

"(2) Instruction submitting the issue of insanity as of the time of the alleged offense shall be framed so as to require the jury to state in its verdict whether defendant was sane or insane as of the time of the alleged offense.

"(3) If the jury finds the defendant to have been insane at the time the offense is alleged to have been committed, the defendant shall stand acquitted of the alleged offense."

Section 2(d) of said Article 46.02, supra, sets out the procedure to be followed upon the defendant's being acquitted by reason of the jury's returning a finding that he was insane at the time of the alleged offense.

Section 2(d) relates to the question of whether the defendant acquitted by the jury's verdict finding him insane at the

---

2. Insanity at the time of the offense is an affirmative defense and as such is properly raised at the trial on the merits.

Townsend v. State, Tex.Cr.App., 427 S.W.2d 55; Fuller v. State, Tex.Cr.App., 423 S.W.2d 924.

time of the alleged offense should be finally discharged or should be committed to a mental hospital.

Subsection (2) of said Section 2(d) provides:

"If the jury returns a finding that defendant is sane as of the time of the trial, then the defendant shall be finally discharged."

Without such a finding there would remain the question of whether he should be committed to a mental hospital. Under the procedure provided by Art. 46.02, Secs. 2 (c) and (d), the issue of whether the defendant is insane at the time of trial submitted to the jury to be answered only in the event the defendant has been acquitted by the jury's verdict on the issue of insanity at the time of the offense may be beneficial rather than prejudicial to the defendant.[3]

Appellant's defense which the jury rejected was that he was suffering from psychomotor epilepsy, and that he killed his wife during a seizure or attack and had no recollection of the stabbing.

When not suffering from an attack he was normal and competent in every way, according to all the testimony.

There were no objections to the charge and no requested charges. The giving of a charge submitting the issue of present insanity to be answered only in the event the jury found the defendant insane at the time of the offense and acquitted him, appears to have been appropriate in view of appellant's defense. In the absence of an objection, or requested charge, the form in which the issue was presented is not before us, no injury or prejudice being shown.

The remaining grounds of error seek to combine and complain of various informal bills of exception reserved during the trial by reference. These complaints are not in compliance with Art. 40.09, Sec. 9, V.A. C.C.P., nor are they supported by authority or argument in the brief.

The judgment is affirmed.

3. The issue of insanity as of the time of the trial referred to in section 2(d) of Art. 46.02 is not to be confused with the issue of present insanity referred to in section 2(a) which provides: "For the purposes of present insanity, the defendant shall be considered presently insane if he is presently incompetent to make a rational defense."