Cardell Franklin **BURTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44080.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 9, 1971.

John D. Wennermark, William T. Miller, San Antonio, for appellant.

Ted Butler, Dist. Atty., Will White, Gordon Armstrong and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from a conviction for burglary of a private residence at night with intent to commit rape where the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

Initially appellant complains of jury misconduct in that one of the jurors spoke to the children of the prosecutrix during a trial recess, the jury having been allowed to separate. A witness testified out of the jury's presence she had observed a bald headed juror talking to the prosecutrix's three children, but had not heard the conversation. Juror Martin in the absence of the other jurors testified that during a recess he spoke to the children in the hallway, asking the youngest child what grade in school he was in and inquiring where the little girl's missing tooth was, and related the oldest boy, who had testified in the case, replied "I knocked it out." The juror denied that anything about the case was mentioned.

We perceive no violation of Article 36.-22, Vernon's Ann.C.C.P., as to call for reversal. Williams v. State, Tex.Cr.App., 463 S.W.2d 436. Cf. Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880.

Next appellant complains of what he terms "incomplete psychiatric evaluation." By virtue of a defense motion the court had Dr. James B. Polka, county health officer, examine the appellant. A copy of his report finding the appellant sane was made available to his counsel and then called to their attention prior to trial. The basis for his present complaint stems from Dr. Polka's testimony after he was called as a defense witness to the effect he had examined the appellant for approximately an hour and admitted that it might be possible to observe someone for thirty days and not detect a mental disorder, and if there were periods in which the appellant stared at the wall and lost contact with reality (of which the doctor was unaware), it would be desirable to make further tests.

No request at any time was made for additional psychiatric evaluation and testing

nor raised or mentioned in the motion for new trial.

■ The burden of proof as to insanity (in absence of an unvacated adjudication of insanity) is upon the accused by a preponderance of the evidence. Fuller v. State, Tex.Cr.App., 423 S.W.2d 924; Cross v. State, Tex.Cr.App., 446 S.W.2d 314. A defendant, even an indigent one, may not seek and receive psychiatric evaluation at the expense of the State and then for the first time on appeal complain that it was inadequate.

We likewise find no merit in appellant's claim that photographs marked as State's Exhibits #1, 3 and 6 were improperly admitted.

■ Citing Le Marr v. State, 165 Tex. Cr.R. 474, 308 S.W.2d 872, appellant contends that it was not shown the photographs were "under conditions substantially the same as those existing at the time of the commission of the crime." Exhibits #1 and 3 depict the bed upon which the officers found the nude appellant and the prosecutrix when they entered the house in question. Exhibit #6 shows a man's clothing piled beside a couch. The officer who took the photographs testified he arrived approximately one minute after the first two officers on the scene and that the photographs taken shortly thereafter accurately depicted the bed and the clothing piled beside the living room couch as they appeared at the time. He related there would not have been time for anyone to have re-arranged the clothing between the first officer's arrival and his. As a result of an objection that the photographer was not the first officer on the scene, and that things could have been re-arranged in the interim, the State recalled the first officer who testified that Exhibits #1 and 3 were accurate portrayals of the bed upon which he found the appellant and the prosecutrix except that he had turned the cover back on the bed which revealed a screwdriver. The prosecutrix subsequently testified the

appellant had held a screwdriver to her neck during the attack.

In Le Marr the bedroom photograph was taken over an hour and a half after the first officer arrived. The photographer testified it was a correct representation of the bedroom at the time it was taken and the first officer revealed it was a true representation of the scene when he arrived except that the body of the deceased had been removed. The photograph was held admissible. It appears that the predicate for the introduction of the photographs in question was properly laid and that appellant's reliance upon Le Marr is misplaced.

■ Appellant also complains of the admission of hearsay evidence. Officer Harwell testified he and Officer Hohensee responded to a burglary call in the early morning hours on the date in question. He revealed Hohensee went to the front of the house and talked to someone. When asked "Q. Did you go in, too?" he answered "A. Yes, sir, I went—. Officer Hohensee and I went in—. He asked the little girl—'Where they at'? She said, 'The man's back there in the back bedroom.'" The objection to the unresponsive answer was that it was "hearsay." It was overruled. Immediately thereafter when asked where he went as a result of such conversation Harwell again unresponsively and without objection repeated the conversation. He then testified he had kicked open the bedroom door and saw the appellant in bed leaning over the prosecutrix. The undisputed evidence at the trial from all sources showed the appellant was in the bedroom at the time. If the testimony was inadmissible under the res gestae exception to the hearsay rule, the error, if any, was clearly harmless.

■ Next appellant complains of three grounds of error under the heading "Discussion of Inflammatory Evidence." Complaint is made as to an unresponsive answer of the prosecutrix, the reference in a question by the assistant district attorney to the night the prosecutrix "got raped"

and of the admission of Exhibits #1 and 3 previously discussed.

The ground of error is multifarious and not properly presented for review. Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728.

It is also observed that when the prosecutrix unresponsively stated she thought the "Thief of Baghdad" had gotten into her room, the trial court immediately instructed the jury to disregard the remark, and this record does not reflect to which "Thief of Baghdad" the witness had reference. Cf. Webb v. State, Tex.Cr.App., 467 S.W.2d 449.

After the prosecutrix had testified she had been raped on the occasion in question and the appellant's mother had related the prosecutrix had told her the appellant had attempted to rape her, the assistant district attorney, in attempting to direct the mother's attention to the date in question, referred in a question to the night the prosecutrix "got raped." Though the objection was overruled the prosecutor rephrased his question, eliminating such reference. The admission of the photographs has already been discussed. Clearly they were not inflammatory.

■ Under the heading "Discussion of the Character of the Prosecutrix," the appellant has grouped several contentions complaining of the court's action in preventing him from showing the character of the prosecutrix. The ground of error is multifarious and presents nothing for review. Hinkle v. State, supra.

■ Further, with one exception, the appellant did not perfect bills of exception and the excluded testimony is not before this court, presenting nothing for review. The appellant did call his sister and she testified for the purpose of a bill that on dates about which she was not exactly sure she had seen the prosecutrix at a cafe table with two ladies and three or four men and she thought "they were drinking beer"; that once she observed the prosecu-

trix get out of a car containing three men; that one night she saw a man enter the prosecutrix's house, but did not know how long he stayed.

■ When the consent of a prosecutrix becomes an issue in a rape case, her reputation for unchastity may be shown as well as specific acts of unchastity between the prosecutrix and others are generally admissible. See 48 Tex.Jur.2d, 700, Rape, Sec. 62. In this burglary prosecution the evidence did not raise any issue as to the consent of the prosecutrix as to the rape. Even if the issue had been raised, the sole bill of exception developed reflected clearly innocuous circumstances, and the court did not err in excluding the same.

■ Appellant also complains of the admission into evidence at the guilt stage of the trial of a fingerprint card containing his fingerprints and "other information" taken some five weeks prior to trial after he was represented by counsel. Such admission it is contended was in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Clearly the fingerprints on the card, used for the purpose of establishing appellant's identity as the person so previously convicted as alleged in the indictment, were admissible under numerous holdings of this court. No privilege of self-incrimination is involved. Villareal v. State, Tex.Cr.App., 468 S.W.2d 837 and cases there cited.

■ In his brief the appellant does not point out the "other information" to which he has reference. The data so obtained is nonincriminatory and primarily consists of his date of birth, residence, mother's name, her address, etc., most of which was already a part of the evidence before the card was offered at the penalty stage of the trial. The appellant made no request to have any data on the card marked, deleted or obliterated prior to its introduction. Further, the objection to the whole exhibit was properly overruled as a portion of the same was clearly admissible. Mitchell v. State, 156 Tex.Cr.R. 128, 239

S.W.2d 384. We fail to see how Miranda or Article 38.22, V.A.C.C.P., was violated or how the appellant was harmed.

 The indictment alleged for the purpose of enhancement two prior convictions, one for attempted burglary in 1963 and one for burglary in 1966. The appellant contends the State failed to prove that the second conviction was for an offense committed after the 1963 conviction became final on June 14, 1963. We do not agree. The State introduced into evidence the indictment as well as the certified copies of the judgment and sentence of the second prior conviction. The indictment alleged that "on or about the 24th of September, A.D. 1965" the appellant had burglarized the "house" of Virgil Moore. This indictment, standing alone, was not sufficient to supply proof of the date of the commission of the alleged second prior conviction. Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383. The State, however, called the arresting officer who related that on September 24, 1965, he saw and arrested the appellant at the scene of the burglary of the Virgil Moore Mobil Service Station. The testimony of an arresting officer who has personal knowledge of the date of the commission of the offense for which the accused had been previously convicted has been held sufficient to supply the proof needed in Gomez v. State, Tex.Cr.App., 365 S.W.2d 176; Mackie v. State, Tex.Cr.App., 367 S.W.2d 697; Broussard v. State, Tex.Cr.App., 363 S.W.2d 1-13; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Richardson v. State, Tex.Cr.App., 432 S.W.2d 100. See also Wheat v. State, Tex.Cr.App., 442 S.W.2d 363. Appellant's contention is without merit.

Lastly appellant contends that the first prior conviction was not available for the purpose of enhancement of punishment since the formal sentence entered in that cause is silent as to whether he was represented by counsel at the time of its imposition. It is true that the sentence is silent as to counsel but the State called Raymond South, the Chief Adult Probation Officer, who had prepared the pre-sentence investigation in the case. South testified he was present in the courtroom when sentence was pronounced on June 14, 1963, and that the appellant was represented at the time by Attorney Sam Harrison. The contention advanced is thus meritless.

The judgment is affirmed.