**Elbert Howard PAUL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44596.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Jerry L. Zunker, Orange, for appellant.

Louis Dugas, Jr., County Atty., Orange, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice. The punishment was assessed by the jury at 25 years' confinement.

Appellant plead not guilty to the charge by reason of insanity.

No question of present sanity or competence to stand trial was raised.

The evidence presented by the State proved that the person named as the deceased was killed by a gunshot wound inflicted on the date alleged, and introduced appellant's confession in which he admitted that he had killed his sister.

Appellant's mother, a witness for the defense, testified that appellant hit her with a "blackjack" and then shot her. After shooting her, he chased the deceased into another room. She then heard 2 or 3 shots and heard the deceased say, "Please

don't shoot me again, Howard." She further testified that appellant then came back where she was lying and laid the gun down beside her and said, "I'm so sorry, mama."

This evidence is more than sufficient to prove the charge.

It is apparently appellant's contention that the evidence in regard to insanity at the time of the act showed the appellant to be insane as a matter of law. He argues that the psychiatrist who testified for appellant and the evidence obtained from appellant's mother were not contradicted by the State and, therefore, there was no evidence that he was sane at the time of the murder.

There was testimony by the jailer of Orange County that from the date of the act until the date of the trial he had observed appellant daily and saw nothing wrong with his behavior. There was also testimony by a psychiatrist called by the State who testified that appellant was schizophrenic but that in his opinion on the date and at the time in question knew the nature and quality of his act.

"An accused is presumed to be sane. The burden is on the accused in the absence of an unvacated judgment of insanity to show by a preponderance of the evidence that he was at the time insane. 16 Tex. Jur.2d 210, Sec. 91; Cross v. State, 446 S.W.2d 314 (Tex.Cr.App.). However, the state introduced expert and lay testimony that the appellant was sane at the time here in question. In light of the record the third ground of error is overruled." Forder v. State, 456 S.W.2d 378 (Tex.Cr.App.1970).

The jury, being the trier of the facts, had more than sufficient testimony before them to find that the appellant was sane at the time of the act herein.

There being no reversible error, the judgment is affirmed.