Ronnie Edward SARGENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 49271.

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

Elaine Brady Hocker (Court appointed on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Tobias, Ass. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction was for the offense of murder with malice; punishment was assessed by the jury at confinement in the penitentiary for life.

Although the sufficiency of the evidence has not been challenged, the nature of ap-

pellant's complaint makes it obligatory that a protracted discussion of the facts be made.

On January 23, 1971, the appellant and Marilyn Grace, a prostitute, were sitting in her automobile in the parking lot of the Club Lorraine in Houston. Appellant testified in his own behalf and admitted that Miss Grace was his "young lady" and had been working for him for about a month and a half. At the time of trial, she was dead from an overdose of heroin. From the testimony adduced, it appears the working arrangements were that Miss Grace delivered the entire amount of her earnings from prostitution to appellant, who in turn managed the money and provided her living quarters with him at the Alfron Motel.

Clarence La Bree, the deceased, pulled into the parking lot beside appellant, arranged a date with Miss Grace, and departed with her in his automobile. Before leaving, Miss Grace informed appellant that this was a $25.00 "trick" paid in advance. Shortly thereafter, she came into the bar in an excited state and told appellant that La Bree had taken the money away from her after she had serviced him. Immediately, appellant ran to the parking area where La Bree was leaving in his car. He got in on the passenger side and began discussing the "misunderstanding" with the deceased. While appellant was making demand for the $25.00 taken from his "young lady," the deceased began slowly driving down the street. By his own admission, appellant threatened to call the police and charge La Bree with rape and robbery if he did not pay the $25.00.

At this point, the deceased stopped the car, brandished a small caliber pistol and ordered appellant to get out. As appellant stepped out of the car, he turned and wrestled for the gun with the deceased. The evidence is conflicting as to exactly how appellant incurred his injuries,[1] but he contends that the deceased shot him twice during the struggle before he managed to wrest the pistol from the deceased. Testimony elicited from appellant indicates that once he gained control of the gun he intentionally fired the first shot which struck the deceased in the right cheek.[2] As the deceased was backing out of the car, appellant tried to pull him back inside and, while doing so, the pistol "accidentally" discharged a second time striking decedent in the base of the head. The pathologist testified that the deceased died from the gunshot wounds, but that the wound in the base of the head was the "more disabling" wound.

It was further developed that two eyewitnesses saw appellant beat the decedent in the head with a brick and rummage through the pockets of his clothing. Both witnesses testified that when asked what was wrong appellant replied, "He wouldn't pay me $25.00 for my whore . . . I don't give a damn about him . . . He should have paid my trick $25.00. He should have paid my whore $25.00 and this wouldn't have happened. . . ." Afterwards, appellant was observed throwing La Bree's body onto the street and driving over it with the car as he fled the scene.

■ Appellant has proffered a single ground of error for our consideration, wherein he complains of the trial court's failure to afford him a charge to the jury on the law of accidental homicide. Appellant correctly states the law that one is entitled to a charge on every issue raised by the evidence, and a defendant's testimony alone is sufficient to raise such a defensive

1. Two Houston police officers testified that appellant told them he was shot by some other "pimps" driving by in a black Cadillac involving a private dispute. Also, eyewitnesses to the shooting stated they did not notice appellant being wounded at the scene of the crime.

2. Appellant maintains this first shot was self-defense and the trial court granted him a charge on that defensive issue. There is serious question as to the propriety of granting such a charge where appellant admits to having provoked the struggle by initiating the attack upon the decedent after attempting to extort money from him.

theory. See Ray v. State, 515 S.W.2d 664 (delivered November 13, 1974); Gavia v. State, 488 S.W.2d 420 (Tex.Cr.App.1972). The appellant in this case did testify that the second shot was an accident and done unintentionally. Under normal circumstances, this alone would raise the defensive theory of accidental homicide and it would be reversible error if a charge on accident were requested and not granted. No act done by accident is an offense against the law. Estrada v. State, 422 S.W.2d 453 (Tex.Cr.App.1968); Atkinson v. State, 62 Tex.Cr.R. 419, 138 S.W. 125 (1911). However, the case at bar does not come within the ambit of this general premise. The appellant is not entitled to an unencumbered defense of accidental homicide.

Art. 1228, Vernon's Ann.P.C., provides: "Homicide is excusable when the death of a human being happens by *accident* or misfortune, though caused by the act of another *who is in the prosecution of a lawful object by lawful means."* (Emphasis added)

■ The legislative intent is manifest; the defense of accident which will legally excuse the taking of another's life is limited to situations where the activity engaged in by the defendant is lawful. Conversely, the inescapable implication of Art. 1228 is that the homicide will not be excusable if one is in the pursuit of an unlawful activity. The Legislature has embodied this express qualification on the defense of accident in Art. 42, V.A.P.C.

■ Art. 42 mandates that one intending to commit a felony, who accidentally commits another felony is not legally excused but will receive the punishment affixed to the felony actually committed. The complete and absolute exonerating defense of accident is abrogated in these situations. Art. 42 is a statute which, as a matter of law, transfers the intent from the crime contemplated to the one actually committed. A defendant may not rely on the doing of an unintentional act as a defense when he, in fact, intended to commit another crime.

This Court has held that it is proper for a trial court to refuse to charge the jury on the law of accident as a defense in murder cases where the killing was committed while the defendant was preparing for or committing a felony. Caraway v. State, 489 S.W.2d 106 (Tex.Cr.App.1971); accord, Hilliard v. State, 513 S.W.2d 28 (Tex.Cr.App.1974); Crawford v. State, 511 S.W.2d 14 (Tex.Cr.App.1974). Further, this Court has also held that an instruction eliminating accident as a defense, under Art. 42, V.A.P.C., is proper, Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761 (1962); Smith v. State, 154 Tex.Cr.R. 234, 225 S.W.2d 846 (1949); McElroy v. State, 134 Tex.Cr.R. 445, 115 S.W.2d 971 (1938), notwithstanding the fact that the indictment alleged only murder with malice. See Hodges v. State, 160 Tex.Cr.R. 579, 272 S.W.2d 902 (1954).

■ The facts in the instant case fall within the purview of the above cited authorities. Appellant took the stand and admitted to conduct which constitutes, at the very least,[3] the offense of pandering, Art. 519, V.A.P.C. He confessed to procuring Marilyn Grace for the purpose of prostitution and encouraging her to engage in such activity. In this State, pandering is a felony punishable by confinement in the penitentiary for any number of years not less than two. While attempting to collect the fee for Miss Grace's services as a prostitute, appellant maintains he accidentally killed Clarence La Bree. These facts do not entitle appellant to an untrammeled defense of accident which would completely

---

3. It appears from the record that appellant may also have confessed to committing other crimes. There is evidence which indicates that extortion and procuring may have been committed. As discussed in footnote 2, supra, there is serious question as to whether the issue of self-defense was really raised in provoking the initial attack which would constitute an assault with intent to murder because appellant admits to deliberately firing the first shot.

**810**

exonerate him of criminal liability. Public policy demands that persons engaged in criminal activity should not be allowed to escape the consequences of their misconduct merely because they accidentally commit a different offense than originally contemplated.

No error is shown.

■ The appellant has not complained of the defective sentence; however, the sentence does not comply with the indeterminate sentence requirement of Art. 42.09, Vernon's Ann.C.C.P. Howard v. State, 429 S.W.2d 155 (Tex.Cr.App.1968); French by State, 415 S.W.2d 203 (Tex.Cr. App.1967). Accordingly, the sentence is reformed to provide that the appellant shall be confined in the Texas Department of Corrections for not less than two years nor more than life imprisonment.

As reformed, the judgment is affirmed.