

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 18, 1985

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
P. O. Box 12985
Austin, Texas  78711

Opinion No. JM-360

Re: Detention of persons in county jail under articles 5115 and 5547-26, V.T.C.S.

Dear Mr. Viterna:

You request an opinion construing several statutes with respect to when a mentally ill person may be detained in the county jail. You first ask whether article 5115, V.T.C.S., conflicts with article 5547-26, V.T.C.S. Article 5115 provides in part:

> The Commissioners Court shall provide safe and suitable jails for their respective counties. . . .

>   . . . .

### SUITABLE SEGREGATION

> The term 'safe and suitable jails,' as used in this Act, shall be construed to mean jails which provide adequate segregation facilities . . . separating witnesses from all classifications of prisoners; and males from females. . . .

>   . . . .

> No person suspected of insanity, or who has been legally adjudged insane, shall be housed or held in a jail, except that such a person who demonstrates homicidal tendencies, and who must be restrained from committing acts of violence against other persons, may be held in a jail for a period of time not to exceed a total of twenty-four (24) hours, during which period he shall be kept under observation continuously. At the end of the twenty-four (24) hour period, such person shall be released or taken to a hospital or mental hospital. Furthermore, for such temporary holding

of each person suspected of insanity, or who has
been legally adjudged insane, there shall be
provided [a padded cell]. (Emphasis added).

The last paragraph quoted does not relate to the ordinary county jail prisoner who has been arrested for violating a criminal law. In our opinion it means that a jail shall not be used to house persons solely on the ground that they appear to be insane or have been adjudged insane. An exception is made for any such person who "demonstrates homicidal tendencies" and has to be restrained from acts of violence against others. The requirements of article 5115 are appropriate for dealing with insane persons who are incarcerated for the purpose of restraining them from committing acts of violence; they make little sense when applied to prisoners arrested on criminal charges, since incarceration may last no more than 24 hours and must be followed by the individual's release or hospitalization.

In our opinion, the quoted paragraph deals with insane persons placed in jail to restrain them from acts of violence and not with persons jailed for criminal charges. Only the former category of persons are required by article 5115 to be held in a padded cell. Lozano v. Smith, 718 F.2d 756, 759 n. 6 (5th Cir. 1983) (dicta) (article 5115 does not require release or transfer of persons held on criminal charges who are coincidentally insane); contra Wright v. Wagner, 641 F.2d 239 (5th Cir. 1981) (dicta) (article 5115 requires padded cell for prisoner legally adjudged insane or suspected of insanity). The standards prescribed in article 5115 "are minimum standards only." The Texas Commission on Jail Standards is empowered to establish "minimum standards for the construction, equipment, maintenance, and operation of county jails" and "for the custody, care, and treatment of prisoners." V.T.C.S. art. 5115.1, §9(a)(1), (2). The commission has required that a jail have one or more padded cells "for temporary holding of violent persons or persons suspected of insanity." 37 T.A.C. §259.66 (1980). The commission has in addition required each sheriff to develop a plan for classifying inmates, which must provide for

[t]he separate housing of persons suspected of
insanity or who have been legally adjudged insane,
and persons who . . . must be restrained from
committing acts of violence against other
persons. . . .

37 T.A.C. 271.2(9) (1980). Thus, any violent prisoner, insane prisoner, or prisoner "suspected of insanity" must be placed in a padded cell.

Article 5547-26, V.T.C.S., was enacted as part of the 1983 revision to the Texas Mental Health Code. Acts 1983, 68th Leg., ch.

47, at 211. It is among the Mental Health Code provisions amended in 1985 by House Bill No. 1256. Acts 1985, 69th Leg., ch. 70, at 281.

Articles 5547-26 through 5547-30, V.T.C.S., provide for the emergency detention of a person believed to be mentally ill. Article 5547-26(a) provides as follows:

> Any peace officer, who has reason to believe and does believe upon the representation of a credible person, or upon the basis of the conduct of a person, or the circumstances under which the person is found, that the person is mentally ill and because of such mental illness represents a substantial risk of serious harm to himself or others unless immediately restrained, which harm may be demonstrated either by the person's behavior or by evidence of severe emotional distress and deterioration in his mental condition to the extent that the person cannot remain at liberty, and who believes there is not sufficient time to obtain a warrant, may, without first obtaining a warrant, take such person into custody and immediately transport the person to the nearest appropriate in-patient mental health facility and shall immediately file application with the facility for the person's detention. If there is no appropriate in-patient mental health facility available, the person shall be transported to a facility deemed suitable by the mental health authority for that county. In no case shall a jail or similar detention facility be deemed suitable except in an extreme emergency. Persons detained in a jail or other nonmedical facility shall be kept separate from those persons charged with or convicted of a crime. (Emphasis added).

V.T.C.S. art. 5547-26(a). A "mental health authority" is the agency designated by the commissioner of the Texas Department of Mental Health and Mental Retardation to direct, operate, facilitate and/or coordinate services in the various service areas of the state.

Article 5547-26(c), V.T.C.S., requires a physician to examine the person within 24 hours of apprehension. Unless the physician makes the written statement required by article 5547-27 that emergency detention is necessary, the person must be released. A person apprehended under article 5547-26, may be detained no longer than 24 hours after he is presented to the facility unless he is taken into custody after noon on Friday or on a Saturday, Sunday or legal

holiday. In that case, the 24 hour detention period begins at 9 a.m. on the first succeeding business day. V.T.C.S. art. 5547-26(f).

The 1983 revision of the Mental Health Code was undertaken partly in response to a federal court ruling that existing provisions for detention in protective custody violated due process. Dix, The 1983 Revision of the Texas Mental Health Code, 16 St. Mary's L.J. 41 (1984); see Luna v. Van Zant, 554 F. Supp. 68 (S.D. Tex. 1982). Luna v. Van Zant, held that the state may not hospitalize an individual pending an involuntary civil commitment hearing for more than three days unless a neutral fact finder makes a probable cause determination at a hearing where the patient is present.

Article 5547-26, V.T.C.S., sets out in detail circumstances that authorize the warrantless detention of a mentally ill or apparently mentally ill person; it also indicates when detention in a jail is permitted. Article 5115 in contrast, primarily establishes requirements for physical conditions of a county jail, but it refers in an ambiguous and incomplete way to the jailing of a mentally ill or presumably mentally ill person who demonstrates homicidal tendencies and must be restrained from harming others. Article 5115 does not state who is authorized to place such a person in jail, nor who must take him to a hospital or release him at the end of 24 hours. It does not state who shall arrange for the individual's admission to a hospital or mental hospital.

When this provision was added to article 5115 in 1957, it permitted a 7-day detention. Acts 1957, 55th Leg., ch. 277, at 637. A 1975 enactment created the Commission on Jail Standards and amended article 5115 to reduce the detention to 24 hours. Acts 1975, 64th Leg., ch. 480, at 1278. Article 5115, in our opinion, reflects an early legislative effort to deal with the emergency detention of persons who had not committed a crime, but whose mental illness or apparent mental illness made them dangerous to others. The period between 1957 and 1983 saw a significant increase in concern for the legal interests of involuntary mental patients. Dix, supra at 43.

Article 5547-26 represents the later and more detailed legislative effort to provide for the emergency detention of mentally ill persons or persons reasonably believed to be mentally ill. It appears in a comprehensive code designed to provide access to humane care and treatment for persons suffering from severe mental illness. V.T.C.S. art. 5547-2. Among other purposes, the code sets out to safeguard their legal rights. V.T.C.S. art. 5547-2(7). In our opinion, article 5547-26 governs the emergency detention of persons whose mental illness represents a serious threat of harm to themselves or others, and it prevails over article 5115 to the extent of any conflict. See State v. Easley, 404 S.W.2d 296 (Tex. 1966); Pacific Products, Inc. v. Great Western Plywood, Ltd., 528 S.W.2d 286 (Tex. Civ. App. - Fort

Worth 1975, no writ); Robertson v. State, 406 S.W.2d 90 (Tex. Civ. App. - Fort Worth 1966, writ ref'd n.r.e.). The requirements in article 5115 as to a padded cell and other jail conditions have not been impliedly repealed, but they are minimum standards which have been supplemented by rule of the Commission on Jail Standards.

Article 5547-26(a), V.T.C.S., states that a jail or similar detention facility shall not be deemed suitable for emergency detention except in an extreme emergency. You ask what constitutes an "extreme emergency" under this statute.

Article 5547-26 requires that even a person who "represents a substantial risk of serious harm to himself or others unless immediately restrained" should be taken to a mental health facility rather than to jail if at all possible. The 1985 amendment to article 5547-26 provides that the person shall be transported to a facility deemed suitable by the mental health authority for the county if no appropriate in-patient mental health facility is available.

What constitutes an "extreme emergency" that would permit detention of the person in a jail depends upon the facts of each case. Factors to be considered would include the imminence of the risk of harm, the severity of the harm threatened, and the availability of appropriate mental health facilities. See V.T.C.S. art. 5547-27(a)(1)-(4). Cases which discuss the standard for actual commitment provide some guidance. For example, in Taylor v. State, 671 S.W.2d 535, 538 (Tex. App. - Houston [1st Dist.] 1983, no writ), the court held that to comply with standards of due process required by the Texas and Federal Constitution a person may not be deprived of his liberty by a temporary involuntary commitment unless the state establishes by clear and convincing evidence that there exists a substantial threat of harm to himself or others. Moreover, the court stated that the "showing must be found[ed] upon actual dangerous behavior manifested by some overt act or threat in the recent past." Article 5547-26 allows an individual to be placed in jail without a magistrate's determination that detention is necessary; therefore, the risk of harm that invokes its procedures is greater and more immediate than that required under involuntary commitment procedures. See V.T.C.S. arts. 5547-50, 5547-51.

You ask whether a person taken into protective custody under article 5547-36, V.T.C.S., may be detained in jail. A Motion for an Order of Protective Custody may be filed only in the court in which an Application for Court-Ordered Mental Health Services is pending. V.T.C.S. art. 5547-36(a). The judge may issue the order if he determines

(1) that a physician has stated his opinion and the detailed basis for his opinion that the person is mentally ill; and

(2) the person presents a substantial risk of serious harm to himself or others if not immediately restrained pending the hearing; such harm may be demonstrated either by the person's behavior or by evidence of severe emotional distress and deterioration in his mental condition to the extent that the person cannot remain at liberty.

V.T.C.S. art. 5547-36(c). An order of protective custody directs that the mentally ill person be taken to "an appropriate in-patient mental health facility or other suitable place" and detained pending a probable cause hearing. V.T.C.S. art. 5547-36(d). Article 5547-39, V.T.C.S., provides for the place and term of detention in protective custody:

(a) The head of a facility in which a person is detained pursuant to an Order for Protective Custody or his designee shall detain the person pending an Order for Court-Ordered Mental Health Services issued pursuant to Section 50 or 51 of this code, except as provided in this section.

(b) The person detained in protective custody shall be detained in an appropriate in-patient mental health facility. If there is no appropriate in-patient mental health facility available, the person shall be detained in a facility deemed suitable by the mental health authority for that county. No person may be detained in protective custody in a nonmedical facility used for the detention of persons charged with or convicted of a crime except because of and during an extreme emergency and in no case for a period of more than 72 hours, excepting weekends, legal holidays, and extreme weather emergencies declared pursuant to Subsection (a) of Section 38 of this code. Persons detained in a nonmedical facility shall be kept separate from those persons charged with or convicted of a crime.

(c) If the person is detained during an emergency in a nonmedical facility, the county health officer shall see that proper care and medical attention are made available to the person

held in protective custody. . . . (Emphasis added).

Thus, article 5547-39 expressly provides that a person detained in protective custody may be placed in a jail only in case of an extreme emergency and for no more than the time period described in subsection (b). As with an "extreme emergency" under article 5547-26, an "extreme emergency" under 5547-36 depends upon the facts in each case.

You finally ask whether a person charged with a crime may be held in jail while a determination of his mental capacity is made pursuant to article 46.02 or article 46.03 of the Code of Criminal Procedure.

Article 46.02 of the code provides for determining whether a defendant is competent to stand trial. "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." Code Crim. Proc. art. 46.02, §1(b). The issue of competency may arise before or during the trial on the merits. Id. §2. When this issue is raised, the court may appoint experts to examine the defendant and testify about his competency to stand trial. Id. §3(a). If the court finds that there is evidence to support a finding of incompetency, a jury is impaneled to decide this question. Id. §4(a). Until the jury finds him incompetent based on a preponderance of the evidence, the defendant is presumed competent under section 1(b) of article 46.02 of the Code of Criminal Procedure. See Graham v. State, 566 S.W.2d 941 (Tex. Crim. App. 1978); Cross v. State, 446 S.W.2d 314 (Tex. Crim. App. 1969).

While the question of defendant's competency is being determined, he remains in custody pursuant to criminal charges. He has been detained because of these charges, not because he appeared to be mentally ill. The terms of emergency detention and protective custody prescribed by articles 5115, 5547-26, and 5547-39, V.T.C.S., do not apply to custody for criminal charges.

A criminal defendant free on bail may be ordered to submit to a mental examination under section 3(b) of article 46.02 of the Code of Criminal Procedure. If he refuses to, the court may order him into custody for examination "for a reasonable period not to exceed 21 days." Code Crim. Proc. art. 46.02, §3(b).

Article 46.03 of the Code of Criminal Procedure governs the insanity defense, an affirmative defense which defendant must raise in the trial on the merits and prove by a preponderance of the evidence. Code Crim. Proc. art. 46.03; see Penal Code §§2.04, 8.01. The defendant must also file notice of his intent to raise this defense before the trial. Code Crim. Proc. art. 46.03, §2. The court may order a defendant to submit to examination with respect to the

insanity defense.  If he is free on bail and refuses to submit to examination, the court may order him into custody for examination "for a reasonable period not to exceed 21 days."  Code Crim. Proc. art. 46.03, §3(b).  Otherwise, the defendant remains in custody or free on bail, just as if he had not raised the insanity defense.  The insanity defense concerns defendant's mental status when he committed the crime and does not necessarily indicate present mental illness.  See Code Crim. Proc. art. 46.03, §4 (procedures for determining whether defendant is mentally ill follow determination of not guilty by reason of insanity).  The provisions for detaining someone in jail because he appears mentally ill do not become applicable to a criminal defendant on trial merely because he raised the insanity defense.

## S U M M A R Y

The provisions in article 5115, V.T.C.S., on holding an apparently insane person in jail, have been impliedly repealed to the extent of inconsistency by article 5547-26, V.T.C.S.  Article 5547-39, V.T.C.S., provides the circumstances under which a person detained in protective custody pursuant to article 5547-36, V.T.C.S., may be held in jail.  A defendant in a criminal case remains a prisoner in jail or free on bail while his competency to stand trial is determined pursuant to article 46.02 of the Code of Criminal Procedure or while the insanity defense under article 46.03 of the Code of Criminal Procedure is decided in the trial on the merits.

Very truly yours

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Sarah Woelk